**In the Matter of Arbitration Between Edward L. BEALMER and Pat Brown, Appellants,**

**v.**

**TEXACO, INCORPORATED, Appellee.**

**No. 23632.**

United States Court of Appeals, Ninth Circuit.

June 3, 1970.

---

Jerome Smith (argued), of Arnold, Smith & Schwartz, Los Angeles, Cal., for appellants.

William D. Evans (argued), M. Keate Worley, Los Angeles, Cal., J. M. Mitchell, New York City, for the appellee.

Before HAMLEY and ELY, Circuit Judges, and POWELL, District Judge.[*]

PER CURIAM:

Edward L. Bealmer and Pat Brown brought this suit against their employer, Texaco, Incorporated, to compel arbitration of a dispute over the interpretation of a back pay provision in a collective bargaining agreement. The parties made cross motions for summary judgment. Texaco's motion was granted and plaintiffs' motion was denied. This appeal followed.

Bealmer and Brown, together with thirty-eight other employees of Texaco, had been discharged for alleged dishonesty. At this time, General Truck Drivers, Chauffeurs and Helpers Union, Local 692 (union) was the recognized collective bargaining agent for these employees. As a result of arbitration proceedings under Article XIV of their collective bargaining agreement (agree-

ment), all but five of the discharged employees were reinstated. Back pay was to be awarded in accordance with a formula set out in Article XII of the agreement.

A dispute arose as to the application of that formula. The union and the company attempted to resolve their differences without going back to the arbitrator or invoking new arbitration proceedings. It appeared that the union was willing to make a concession to Texaco on one facet of the back pay dispute which directly affected Bealmer and Brown.[1] They did not favor the concession and employed private counsel, giving notice that they wished to invoke the Article XIV arbitration procedures to resolve that facet of the dispute. Texaco declined and this action followed.

The summary judgment for Texaco was predicated upon the following alternative conclusions of law:

"Petitioners have no standing to order Respondent to proceed to arbitration with respect to their back pay claims.

"Petitioners are precluded from ordering Respondent to proceed to arbitration with respect to their back pay claims by an agreement between Respondent and the Union which established a formula for calculating back pay amounts owed by Respondent and which is binding upon Petitioners.

"Petitioners' individual grievances with respect to their back pay claims are time-barred."

On their appeal to this court, plaintiffs argue that their individual claims are arbitrable under Article XIV of the collective bargaining agreement, and that

---

[*] The Honorable Charles L. Powell, United States District Judge for the Eastern District of Washington, sitting by designation.

1. The concession involved a deduction, from back pay awarded, of an amount equal to any earnings received by the employee from a "moonlighting" type job during the discharge period. This means a job in which the employee worked during hours different than those he would have worked for Texaco had there been no discharge. Both Bealmer and Brown had such jobs prior to their discharge and merely continued working at those "moonlighting" jobs during the discharge period. They assert that any deduction from the award of back pay should only be for wages earned during the discharge period at jobs which were taken as a substitute for the regular employment at Texaco.

each of the three grounds upon which the district court relied were procedural matters which should have been left to the arbitrators.

■ We agree. The district court did not hold for Texaco on the ground that the Article XII dispute was not an arbitrable issue under the collective bargaining agreement. Each of the reasons the court relied upon went to matters of procedure. Since the parties were obligated to submit this dispute to arbitration, it is the arbitrator, and not the court, who is to decide questions of procedure. John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 557, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964); United States ex rel. Madison v. Rundle, 422 F.2d 49 (10th Cir. 1970).

■ The summary judgment for Texaco is reversed. Denial of plaintiffs' motion for summary judgment is not appealable. The cause is remanded to the district court for further proceedings. The mandate shall issue forthwith, and a petition for rehearing will not be entertained.