**AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, LOCAL LODGE NO. 1803, Plaintiff-Appellant,**

v.

**WALKER COUNTY MEDICAL CENTER, INC., Defendant-Appellee.**

No. 82–7253.

United States Court of Appeals, Eleventh Circuit.

Sept. 26, 1983.

Joe R. Whatley, Jr., John C. Falkenberry, Birmingham, Ala., for plaintiff-appellant.

D. Frank Davis, Carol Wolfe, Birmingham, Ala., for defendant-appellee.

**1518**

Before VANCE and CLARK, Circuit Judges, and SWYGERT *, Senior Circuit Judge.

PER CURIAM:

The American Federation of State, County and Municipal Employees, Local Lodge No. 1803 (the "union") brought this action pursuant to section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a) (1976), to compel Walker County Medical Center (the "employer") to comply with an arbitration award, or in the alternative, for remand to the arbitrator. The district court granted summary judgment for the employer. We reverse and remand for further remand to the original arbitrator.

The dispute arose on July 7, 1981 when Patricia Kilpatrick was discharged from her position as an admissions clerk at the employer's hospital. The union processed her grievance pursuant to the applicable collective bargaining agreement and the matter was ultimately referred to binding arbitration. The arbitrator found Kilpatrick guilty of the work rule violation with which she was charged and also guilty of a number of other transgressions and inadequacies. He concluded, however, that Kilpatrick's discharge was not justified. In his award he "therefore direct[ed] the Hospital to change the discharge to a suspension and to reinstate the Grievant *in some suitable position* on or before February 1, 1982" (emphasis added). On February 1, 1982 the employer wrote Kilpatrick a letter offering her a job as a maid but at the same rate of pay as her former job as an admissions clerk. Kilpatrick protested that the maid's job was not a suitable position. Further contact between the union and the employer failed to resolve the disagreement and this action resulted.

Conflicting affidavits of the parties centered on whether a maid's job was or was not a "suitable position" under the circumstances. The district judge rejected the argument that the matter should be remanded to the arbitrator for clarification of the term, holding that the award was not ambiguous. In granting summary judgment he held:

Plaintiff takes the position that the maid's job was not "suitable" and that the arbitrator's award has therefore not been complied with. Plaintiff argues that "suitable position" meant her former job of admissions clerk or one of similar status. The court does not agree. The job of maid is an honorable job held by many persons throughout the country. It is suitable for an honest, reliable, diligent, considerate, neat and clean employee, and it is no less suitable for Ms. Kilpatrick. The offer of the position of Environmental Services Assistant I, without a cut in pay, met both the letter and the spirit of the arbitrator's expressed intent.

(footnote omitted).

■ At the outset it is appropriate to recognize that the decision for which the parties bargained and the one to which they are entitled is that of the arbitrator. Neither the notions of the district court nor of this court as to the appropriate resolution of Kilpatrick's grievance are of relevance. It is impermissible for courts to usurp the functions of the arbitrator by reviewing the merits of the award or construing its meaning. *See Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 562–63, 96 S.Ct. 1048, 1055–56, 47 L.Ed.2d 231 (1976); *United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1960); *International Association of Heat & Frost Insulators Local 66 v. Leona Lee Corp.,* 489 F.2d 1032 (5th Cir.), *cert. denied,* 419 U.S. 829, 95 S.Ct. 51, 42 L.Ed.2d 54 (1974); *International Brotherhood of Pulp, Sulphite & Paper Mill Workers Local Union No. 874 v. St. Regis Paper*

---

* Honorable Luther M. Swygert, U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

*Co.,* 362 F.2d 711 (5th Cir.1966). The question here is whether the district court could tell as a matter of law what was meant by the term "suitable position."

The union argues that reinstating a former admissions clerk to a position as a maid is an obvious and substantial demotion to a job requiring different skill, training, education and aptitude. The employer points out, however, that if the experienced arbitrator had meant to require that Kilpatrick be reinstated to a comparable position he would have so stated. Ultimately the employer contends that the word "suitable" is without any meaning whatever and that it was free to offer Kilpatrick any position it chose. The district court's conclusion that a maid's job is an "honorable job" is a curious one. Presumably there are no dishonorable jobs in the employer's hospital. The effect of the district court's conclusion is essentially to agree with the employer's understanding of the award.

We have recognized that when terminology in an arbitrator's award can be interpreted in a variety of ways the "normal course of action" is for the district court to remand the matter to the original arbitrator for clarification. *San Antonio Newspaper Guild Local No. 25 v. San Antonio Light Division,* 481 F.2d 821, 824–25 (5th Cir. 1973). The fifth circuit again recognized that remand to the arbitrator is the appropriate disposition to clarify an ambiguity in an award in the recent case of *Oil, Chemical & Atomic Workers Local 4–367 v. Rohm & Haas, Texas Inc.,* 677 F.2d 492, 495 (5th Cir.1982). Even under other circumstances we have required return of the case to the arbitrator when necessary to assure that the parties were getting the informed decision of the arbitrator for which they had bargained. *See United Steelworkers v. W.C. Bradley Co.,* 551 F.2d 72 (5th Cir.1977) (remand because of inexplicable failure of both parties to disclose essential information to arbitrator).

Obviously the words "suitable position" are given and can be given two very differ-

ent interpretations. The proper course to be followed under such circumstances is resolution of the ambiguity by the authority agreed to by the parties, the arbitrator.

The judgment of the district court is reversed and the case remanded with instructions further to remand to the original arbitrator for clarification.

REVERSED and REMANDED.