**NATIONAL ASSOCIATION OF BROAD-CAST EMPLOYEES AND TECHNI-CIANS, AFL–CIO, Plaintiff,**

v.

**SUNBEAM TELEVISION CORPORA-TION (WCKT–TV; WSVN–TV), Defendant.**

**No. 84–1464–CIV–NESBITT.**

United States District Court, S.D. Florida, S.D.

Dec. 2, 1984.

Lipsitz, Green, Fahringer, Roll, Schuller & James, Howard S. Susskind, Miami, Fla., for plaintiff.

Joseph A. Caldwell, John D. Gronda, Miami, Fla., for defendant.

## ORDER ON SUMMARY JUDGMENT

NESBITT, District Judge.

THIS CAUSE involves a suit by Plaintiff, National Association of Broadcast Employees and Technicians, AFL–CIO, (the "Association"), to enforce an arbitration award entered pursuant to the collective bargaining agreement in force between the Plaintiff and the Defendant, Sunbeam Television Corporation ("Sunbeam"). The Defendant has filed a Motion to Dismiss and, in the Alternative, Motion for Summary Judgment. The Plaintiff has responded to these Motions and has also filed a Motion for Summary Judgment.

## FINDINGS OF FACT

The material facts in this case are not in dispute, as there is agreement between a majority of the allegations made by Plaintiff in its Complaint, and by the Defendant in the Affidavit of its Vice-President and General Manager, Robert W. Leider, which was filed with the Court in support of

Defendant's Motion for Summary Judgment.[1]

There is currently a collective bargaining agreement in force between the Plaintiff and Defendant, pursuant to which the parties agreed to arbitrate a dispute regarding what union personnel were required to be on board the Defendant's helicopter when remote microwave transmissions were being made from it. The dispute arose when the Defendant made such a transmission on November 13, 1982 without any union personnel aboard. On July 11, 1983, the arbitrator, John Caraway, entered his award (the 1983 "award") ruling that under the terms of the collective bargaining agreement, the Defendant was required to have on board the helicopter both a production assistant and a technician, while making any remote microwave transmissions within a fifty (50) mile radius of the Defendant's main studios. (See arbitration award dated July 11, 1983, attached to Plaintiff's complaint as Exhibit B.)

It is also undisputed that on December 1, 1983, the Defendant made a remote microwave transmission from the helicopter while it was within the fifty (50) mile radius and that there was neither a production assistant nor a technician on the helicopter, as required under the 1983 Award.

The Plaintiff brought this action seeking declaratory and injunctive relief, as well as attorneys' fees and costs incurred in this action.

## CONCLUSIONS OF LAW

The Court has jurisdiction over the subject matter of this action pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), and under 28 U.S.C. § 1331. The Plaintiff is a labor organization certified as a collective bargaining representative within the meaning of 29 U.S.C. §§ 152(5), 152(7), 185(a). The Defendant is an employer within the meaning of 29 U.S.C. §§ 152(2), 185(a), and maintains its principal place of business in Miami, Florida.

This case turns on the interpretation of and effect to be given the 1983 Award. After the initial transmission on November 13, 1982, the plaintiff brought to arbitration its claim that the collective bargaining agreement mandated the use of certain union personnel whenever a remote microwave broadcast was made from Defendant's helicopter.

Upon review of the arguments made by the Union and the station as well as the language of the collective bargaining agreement, and after consideration of the nature of the remote microwave transmissions and the job functions of the various union members, the arbitrator made the following award:

The Union grievance is sustained. The Company violated the Agreement by making a microwave transmission on November 13, 1982 aboard the helicopter without there being a technician and production assistant aboard the helicopter. The Company shall cease and desist from making remote microwave transmissions originating from the station's helicopter unless a production assistant and technician are aboard this aircraft.

(See, 1983 Award, pp. 12–13.)

■ Initially, the Court notes that there is no dispute as to the fact that Arbitrator Caraway was acting within the scope of his authority in issuing the 1983 Award. As well, there is no claim that the 1983 Award did not draw its essence from the terms of the collective bargaining agreement between the parties. As such, the Court has the power to enforce the 1983 Award. *United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); and *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

The Defendant has argued that the 1983 Award did not cover the remote microwave broadcast which was made on December 1,

---

1. In addition, the Plaintiff has stipulated to take as true the factual allegations in the Affidavits.

1983. The Defendant has proposed that the parties return to arbitration to determine if the December 1, 1983 broadcast was actually a violation of the collective bargaining agreement. In support of this position, the Defendant has pointed to the fact that it did not "intend" to make any remote broadcasts when the helicopter was dispatched on December 1, 1983. The Defendant also claims that there was a pressing public interest in transmitting the story, distinguishing this transmission from the one at issue in the 1983 Award. Pointing to these alleged material differences, the Defendant urges the Court to determine that the December 1, 1983 transmission was not covered by the 1983 Award.

In response to the Defendant's arguments, it is the Plaintiff's position that the December 1, 1983 transmission was exactly the type of conduct prohibited by the 1983 Award. Plaintiff argues that requiring further arbitration on a clear violation of the 1983 Award would gut the arbitration process, as it would strip the 1983 Award of any prospective effect.

■ The Court is aware that its function is not to interpret obviously ambiguous arbitration awards, *American Federation of State, County and Municipal Employees, Local Lodge No. 1803 v. Walker County Medical Center*, 715 F.2d 1517 (11th Cir.1983), nor is it to determine the preclusive effects of past arbitration awards, which by their terms are limited to the specific labor grievance resolved. *New Orleans Steamship Association v. General Longshore Workers*, 626 F.2d 455 (5th Cir. 1980). However, the Court also recognizes that it does have the power and duty to enforce an arbitration award by means of injunctive or other relief where the actions being challenged are those which the earlier arbitration award specifically prohibited. *United Steelworkers of America v. American Manufacturing Co., supra; United Steelworkers of America v. Warrior &*

Gulf Navigation Co., *supra; United Steelworkers of America v. Enterprise Wheel & Car Corp., supra.*

The pivotal question is whether the December 1, 1983 transmission was within the conduct prohibited by the 1983 Award. To make this determination, the Court must examine whether there is "material factual identity" between the conduct prohibited by the 1983 Award and the conduct in issue in this case, specifically, the December 1, 1983 transmission.

The "material factual identity" standard was adopted in *Oil, Chemical, and Atomic Workers International Union, Local 4–16000 v. Ethyl Corporation*, 644 F.2d 1044 (5th Cir.1981).[2] In the *Ethyl* case, the former Fifth Circuit held that:

'Material factual identity' exists when there is no difference between the current facts and those giving rise to the prior arbitration award which, when analyzed in light of the mandates of the collective bargaining agreement, would justify an arbitrator's reaching a different conclusion in each of the two cases.

644 F.2d at 1055.

■ In the case at bar, there are no real differences between the facts giving rise to the 1983 Award and to this suit. In both cases, the Defendant made a remote microwave transmission from the station's helicopter within a fifty (50) mile radius of the main station. In both the necessary production assistant and technician were not aboard the helicopter. A review of both the 1983 Award and the collective bargaining agreement indicates that the Defendant's intent is irrelevant and immaterial in making a determination as to whether or not the agreement requires the Defendant to use the technician and production assistant on board the helicopter. This requirement arises from the language of the collective bargaining agreement, and it is not subject to any "good faith" compliance exceptions.

---

**2.** This decision was handed down prior to September 30, 1981, and as such, is binding precedent in the Eleventh Circuit pursuant to *Bonner* v. *City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc).

As well, there is no merit to the Defendant's contention that the presence of a compelling public "need to know" about the story caused a material factual difference between the transmissions made on November 13, 1982 and the one made on December 1, 1983. Neither the collective bargaining agreement nor the 1983 Award provide for any such exception, even though both were entered into or rendered in the setting of the public broadcast media. Accordingly, the Court finds that no such exception exists. Therefore, whether or not there was a pressing "need to know" about the December 1, 1983 transmission is completely irrelevant to the Court's decision in this matter.

■ The Court finds that the Defendant, by its remote microwave transmission made on December 1, 1983, has violated the collective bargaining agreement between the parties as supplemented by the 1983 Award. Accordingly, the Plaintiff is entitled to the issuance of a permanent injunction directing the Defendant to comply with the 1983 Award by ceasing and desisting from making any remote microwave transmissions originating from the station's helicopter unless a production assistant and technician are aboard this aircraft.

Based upon the Court's finding that the Defendant violated the 1983 Award and thereby the collective bargaining agreement, the Plaintiff is entitled to the grant of a declaratory judgment.

■ The last issue for resolution is whether the Plaintiff is entitled to an award of attorneys' fees. There is no statutory provision for such an award under the Labor Management Relations Act, and therefore, they can be awarded only where the Plaintiff has made a showing of exceptional circumstances, such as that the Defendant acted in bad faith or without any justification in refusing to comply with the 1983 Award. *Amalgamated Meat Cutters and Butcher Workmen of North America AFL–CIO, Local Union 540 v. Great Western Food Company,* 712 F.2d 122 (5th Cir.1983); *United Electrical, Radio and Machine Workers of America, Local 1139 v. Litton Microwave Cooking Products, Litton Systems, Inc.,* 704 F.2d 393 (8th Cir.1983).

■ The Court finds no such exceptional circumstances in this case. There is no evidence of bad faith on the part of the Defendant. This is apparent from the fact that the Defendant was willing to submit this matter to arbitration, waiving any claims that this action might have been time-barred had the Court found that this case should have been brought initially to a new arbitration proceeding. A review of the authorities cited by the Defendant indicates that there was a "colorable legal argument" to be made that this matter should have been resubmitted to arbitration. Thus, the refusal to comply with the 1983 Award was not without justification.

Accordingly, the Court finds that it would be inappropriate to award the Plaintiff attorneys' fees incurred in the prosecution of this action.

## CONCLUSIONS

1. The Motion to Dismiss and, in the Alternative, Motion for Summary Judgment filed by the Defendant be and the same is hereby DENIED.

2. The Motion for Summary Judgment filed by the Plaintiff be and the same is hereby GRANTED. The Court declares that by its conduct, the Defendant has violated the collective bargaining agreement between the parties as a result of its failure to comply with the arbitrator's award of July 11, 1983. The Defendant is by this Order Permanently Enjoined from further violations of the July 11, 1983 arbitration award. In the future, the Defendant shall comply with this award, and shall not make remote microwave transmissions from the station's helicopter within a fifty (50) mile radius of the Defendant's station unless there are on board the helicopter the production assistant and technician as required by the July 11, 1983 arbitration award.

3. The Motion for Award of Attorneys' Fees be and the same is hereby DENIED. The Court has found that the Defendant

did not act either in bad faith or without justification in making its claim that this issue should be returned for further arbitration. Accordingly, the Plaintiff will not be awarded attorneys' fees for the prosecution of this action.