**BAKERY, CONFECTIONERY AND TO-BACCO WORKERS LOCAL UNION NUMBER 362–T, AFL–CIO–CLC, Plaintiff–Appellee,**

v.

**BROWN AND WILLIAMSON TOBACCO CORPORATION, Defendant–Appellant.**

No. 91–8725.

United States Court of Appeals, Eleventh Circuit.

Sept. 3, 1992.

Robert J. Martin, Richard Read Gignilliat, Douglas H. Duerr, Elarbee, Thompson & Trapnell, Atlanta, Ga., for defendant-appellant.

William Camp Harris, Macon, Ga., for plaintiff-appellee.

Before EDMONDSON, Circuit Judge, and RONEY*, and GIBSON**, Senior Circuit Judges.

FLOYD R. GIBSON, Senior Circuit Judge:

Brown and Williamson Tobacco Corporation ("the Company") appeal the district court's[1] entry of judgment in favor of the Bakery, Confectionery, Tobacco Workers Local Union Number 362–T, AFL–CIO–CLC ("the Union"). We affirm.

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.
** The Honorable Floyd R. Gibson, Senior Circuit Judge for the Eighth Circuit, sitting by designation.
1. The Honorable Wilbur D. Owens, Jr., United States District Judge for the Middle District of Georgia.

## I. BACKGROUND

This dispute stems from an arbitration dispute between the Union and the Company over the terms of the Company's health care plan for its employees ("the Plan"). The Union and the Company are parties to a collective bargaining agreement ("the Long Term Agreement"), which covers employment terms and conditions of Union members employed at the Company's Macon, Georgia plant. The Long Term agreement, which incorporates the provisions of the 1984–87 collective bargaining agreement ("the Agreement"), has been in effect since September 1, 1984 and is scheduled to expire on August 30, 1993.

In 1987, Nancy Young, an hourly employee, filed a claim with the Plan administrator for health care expenses resulting from an accident that was also covered under her no-fault automobile insurance.[2] The Plan administrator refused to pay any expenses which were already covered under the employee's no-fault insurance policies. Young brought a grievance against the Company alleging it improperly coordinated benefits in violation of the Plan's terms. The grievance was submitted to final and binding arbitration and a hearing was held on February 22, 1989.[3] At the hearing, the Union sought to stipulate that the decision would affect all similarly situated employees that had filed claims against the Company between the time the grievance was filed and the hearing; the Company refused to stipulate that the arbitration award would cover these employees.

On April 3, 1989, the arbitrator issued his opinion and award finding that the dispute concerned the interpretation of contractual language in the Basic Agreement. The arbitrator sustained the grievance and found that coordination of benefits against no-fault automobile insurance was imper-

2. Georgia law requires all motorists to carry no-fault automobile insurance.

3. The arbitrator also considered the separate grievance of Joe Bohatec, whose complaint was essentially identical to that of Nancy Young.

missible under the language of the Plan. The award ordered the Company to "cease coordination of benefits against *employees'* automobile insurance policies, and . . . reimburse in full the named *Grievant* whose medical benefits were not paid in full by Company's Health Insurance Plan." (emphasis added). In discussing the Company's right to coordinate benefits, the arbitrator stated, "in the spirit of progressive labor relations, it would seem that if [the] Company would like at this point to include such coverage in the coordination clause, such a change should be negotiated with [the] Union, although this is not mandatory for effectuating such a change."

On September 29, 1989, the Union filed a complaint in district court to enforce the award,[4] and amended its complaint to include an ERISA claim on behalf of another similarly situated employee, Onza Wilson. The district court concluded the above-quoted language contained in the award was ambiguous and resubmitted the case to the arbitrator for clarification of two issues: (1) whether the award, which identifies Ms. Young and Mr. Bahotec as the named grievants, covered all similarly situated employees despite their failure to file separate grievances or appeals,[5] and (2) whether the award allowed the Company to unilaterally amend the Plan to provide for the coordination of benefits. In his supplemental opinion issued March 21, 1991, the arbitrator stated he intended his original award to cover all similarly situated employees, and not to allow the unilateral amendment of the Plan. The district court then entered judgment for the Union and denied the Company's motion to vacate the award. The Company appeals.

## II. DISCUSSION

### A. *Statute of Limitations*

■ The Company argues the Union's complaint filed in district court is an action to vacate, modify or correct an award under 9 U.S.C. § 12. The Union argues the complaint is a suit to enforce an award under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. We agree with the Union's characterization of the action as one to enforce the arbitrator's award.

The district court found the Union was seeking merely to enforce the arbitrator's award, as written, by having the Company cease coordinating benefits against the employees' automobile insurance policies. Because the Union was not attempting to vacate or modify the arbitrator's award, the three month statute of limitations under 9 U.S.C. § 12 is inapplicable. We have held that when applying Georgia law, the six month statute of limitation applies to actions to enforce arbitration awards. *See Samples v. Ryder Truck Lines, Inc.,* 755 F.2d 881, 888 (11th Cir.1985) (court adopted six month limitation period found in Section 10(b) of the NLRA because Georgia law provides no specific statute of limitations for actions to enforce arbitration awards). The opinion is dated April 3, 1989, and the complaint was timely filed within the six month limitations period on September 29, 1989.

### B. *Remand*

■ The Company first argues the district court erred in resubmitting the case to the arbitrator because the language of the award was unambiguous and the Company fully complied with the terms of the award by reimbursing Young and Bahotec, and ceasing to coordinate benefits under the Plan. The Union also argues the language of the award was unambiguous, but contends the Company did not comply with the award, thus making it necessary to bring an action in district court to enforce the terms of the award. The district court

---

**4.** Prior to bringing an action in district court, the Union, without the consent of the Company, wrote the arbitrator seeking clarification of the award. In response to the Union's request, the arbitrator issued a "Supplemental Advisory Opinion;" however, the arbitrator lacked jurisdiction to do so. Thus, the district court did not consider the advisory opinion and it is not an issue before this court.

**5.** These employees neither filed grievances within the ten day period under the terms of the Basic Agreement, nor appealed the denial of their claim pursuant to ERISA within sixty days.

determined the language of the award was ambiguous because both parties offered "incongruous, yet plausible," interpretations of the arbitrator's award. We hold the district court did not err in remanding the decision for clarification of the ambiguous language in the award. *American Fed'n of State, County and Mun. Employees v. Walker County Medical Ctr.*, 715 F.2d 1517, 1519 (11th Cir.1983). It is the duty of the arbitrator, and not the district court, to interpret the contractual language of an agreement. *Id.* at 1519 (["T]he decision for which the parties bargained and the one to which they are entitled is that of the arbitrator. Neither the notions of the district court nor of this court ... are of relevance."). *Id.* at 1518. Because the arbitrator's authority to interpret the agreement is broad, the scope of our review is "exceedingly narrow." *Loveless v. Eastern Air Lines, Inc.*, 681 F.2d 1272, 1275 (11th Cir.1982).

### 1. Similarly situated employees

■ The Company argues the district court erred in submitting the issue of the applicability of the award to similarly situated employees because the issue was beyond the scope of the original award. The Company contends that because the arbitrator's jurisdiction is limited to the issues submitted to him through the grievance procedure, he had no authority to grant "class-wide" relief to all similarly situated employees. We disagree. Although the arbitrator is confined to deciding issues properly before him, it is the court's task to determine what issues were originally submitted to the arbitrator. *See Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1264 (5th Cir.1980).[6] In this case, the district court determined the language of the award was ambiguous as it did not clearly indicate whether the arbitrator intended to grant relief to similarly situated employees. The court not only resubmitted the issue based on the ambiguous language in the award, but also because the original grievance was written on behalf of all members of the Union, thereby suggesting relief was granted to all similarly situated employees. We hold the court did not err in submitting the issue of similarly situated employees to the arbitrator. Furthermore, the arbitrator's supplemental opinion holding that the award inures to all similarly situated employees is subject to limited review, and "[a]bsent exceptional circumstances, an arbitrator's interpretation of the collective bargaining agreement is final and binding on the parties because it is this interpretation that is bargained for by the parties." *Drummond Coal v. United Mine Workers of America*, 748 F.2d 1495, 1497 (11th Cir. 1984).

### 2. Amendment of the Plan

■ The Company argues the district court erred in submitting the amendment issue to the arbitrator because it was not addressed at the first hearing. The Company argues the arbitrator's scope of authority concerned only the interpretation of the Health Care Plan; thus, the issue of whether a subsequent amendment to the Plan violated the Long Term Agreement was not at issue in the original arbitration. The Union argues the amendment issue was properly before the arbitrator because any amendment to the Plan affects employee benefits. These benefits, in turn, are protected under Article VII of the Long Term Agreement, which states, "[t]he Company agrees that it will not implement any change in wage or benefit levels without the agreement of the Union."

The district court held the language of the award was ambiguous because it was not clear whether the arbitrator intended to give the Company an immediate option to unilaterally amend the Plan, or whether the arbitrator meant the issue should be addressed during the renegotiation of the Long Term Agreement. We agree. Regardless of the construction of the language of the award, the amendment of the Plan was at issue at the first hearing because it concerned employee benefits under the Plan; therefore, we hold the district

---

**6.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted the case law of the former Fifth Circuit handed down as of September 30, 1981.

court did not err in resubmitting the issue to the arbitrator for clarification.[7]

### 3. ERISA

The Company argues the court committed reversible error by overruling its motion to dismiss Count II of the Union's amended complaint. Count II concerned Onza Wilson's claim for breach of the terms of the Company's Plan under § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). In light of our affirmance of the district court's order making the arbitrator's supplemental opinion the judgment of the court, the ERISA claim raised in Count II is moot.

### III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

**7.** We also note the Company argued to the district court that the arbitrator had authorized its unilateral amendment of the Plan. By arguing the arbitrator had the authority to authorize the amendment, the Company acknowledges the issue was before the arbitrator.