**ALUMINUM BRICK AND GLASS WORKERS INTERNATIONAL UNION, Plaintiff–Appellant,**

v.

**AAA PLUMBING POTTERY CORPORATION, Defendant–Appellee.**

No. 92–6256.

United States Court of Appeals, Eleventh Circuit.

May 28, 1993.

George C. Longshore, Longshore, Nakamura & Quinn, Birmingham, AL, for plaintiff-appellant.

Ralph K. Strawn, Jr., Henslee, Bradley & Robertson PC, Gadsden, AL, for defendant-appellee.

Before COX and DUBINA, Circuit Judges, and GODBOLD, Senior Circuit Judge.

GODBOLD, Senior Circuit Judge:

This appeal presents the issue whether the validity of a settlement concerning the amount of backpay due an employee under an arbitration award should be decided by a court or an arbitrator. The district court concluded that the issue should be decided by a court and that, under the terms of the parties' collective bargaining agreement, a settlement between the employer, AAA Plumbing Pottery Corp., Gadsden Local No. 150–G and Alvin Watson, an employee, that determined the amount of backpay due Watson under an arbitration award was valid without the participation of the international union (Aluminum, Brick & Glass Workers International Union, AFL–CIO, CLC). It therefore granted summary judgment to AAA Plumbing. Because we conclude that the issue of the settlement's validity should be decided by an arbitrator, we reverse and remand.

## I. FACTUAL BACKGROUND

The parties' present dispute arises from a grievance protesting the discharge of Alvin Watson. This grievance was eventually heard by an arbitrator who ruled that Watson should have received a 3–day suspension rather than termination. He ordered AAA Plumbing to reinstate Watson with backpay "less income earned from all other sources during the time lost due to the discharge." The arbitrator further stated, "Jurisdiction is retained to resolve any dispute concerning the implementation of this award." The parties to the arbitration consisted of the international union, the local union, and AAA Plumbing.

Subsequently AAA Plumbing reinstated Watson and asked him to provide information concerning his income from other sources so the amount of backpay due him could be calculated. Eventually Watson,

representatives of the local, and AAA Plumbing agreed on an amount, and Watson signed a cashier's check stating, "By endorsement the endorser hereby acknowledges receipt of this check as settlement of discharge arbitration." The international contends that it was not informed of these negotiations. AAA Plumbing agrees that Watson and the local chose to negotiate without the international but contends that it never refused to allow the international to participate in the negotiations.

When Freddy Abernathy of the international found out about the settlement, he checked the backpay calculation and decided that Watson should have received a larger amount. He contacted AAA Plumbing and questioned them about their calculations. AAA Plumbing replied that the settlement with Watson and the local precluded further consideration of the matter. Abernathy then contacted the international's counsel who began a series of letters with AAA Plumbing's counsel.

On February 1, 1991, counsel for the international wrote to AAA Plumbing's counsel and suggested that the parties should submit the backpay dispute to the arbitrator who had decided Watson's grievance. By letter dated February 15, 1991 counsel for AAA Plumbing explained that there had been a settlement and stated, "in light of these disclosures I'm sure you will agree that the matter is closed and it would be inappropriate to reopen it at this time." Rather than agreeing, however, on February 25, 1991 counsel for the international wrote a letter stating that only the international could settle an arbitration award and also detailing the errors in the backpay calculation. On March 6, 1991 the international's counsel sent another letter suggesting that AAA Plumbing should calculate the amount of backpay based on the union's position to determine how far apart the parties were.

On March 11, 1991 counsel for AAA Plumbing responded that he was interested to know "what the Union's position is concerning Alvin Watson's backpay," and "agreed" that the international should calculate that amount. On March 18, 1991,

AAA Plumbing's counsel wrote another letter including a copy of the wages Watson would have earned if he had been continuously employed and a copy of the settlement. No further correspondence occurred until May 1, 1991 when counsel for the international wrote that, due to the lack of progress toward settlement, the parties should return to arbitration. On May 3, 1991 AAA Plumbing's counsel responded that the backpay issue had already been settled and wrote, "I must therefore respectfully decline your request to return to the Arbitrator."

On October 25, 1991 the international filed suit pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, seeking to compel AAA Plumbing to return to arbitration. The international contended that the issue whether the local, Watson, and AAA Plumbing could agree to the amount of backpay without the international should be decided by the arbitrator who made the award. AAA Plumbing asserted that the statute of limitations for a suit to compel arbitration had run, and that, under the collective bargaining agreement, the settlement was valid without the international's participation. Because the settlement was valid, AAA Plumbing reasoned that the matter was closed and there was no need to return to arbitration. Without resolving the statute of limitations issue, the district court held that, under the terms of the collective bargaining agreement, the settlement was valid without the international's participation so there was no need for further arbitration. Accordingly, it granted summary judgment to AAA Plumbing.

## II. STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo, applying the same legal standards that controlled the district court. *Jones v. Firestone Tire and Rubber Co.*, 977 F.2d 527, 535–36 (11th Cir.1992).

## III. DISCUSSION

### A. Statute of Limitations

▆▆▆ AAA Plumbing contends that the statute of limitations has run on the inter-

**1548**

national's suit to compel arbitration. Whether the statute of limitations has expired on the international's right to seek judicial enforcement of the arbitration clause is an issue for the court to decide. *See Associated Brick Mason Contractors, Inc. v. Harrington,* 820 F.2d 31, 36 (2d Cir.1987).[1] Moreover, because there are no disputed facts relevant to the expiration of the statute of limitations, this issue presents a question of law. *Sams v. United Food & Commercial Workers Int'l Union,* 866 F.2d 1380, 1382 (11th Cir.1989). Under Alabama law the statute of limitations for a straightforward § 301 suit to compel arbitration is six months. *International Ass'n of Machinists and Aerospace Workers v. Allied Prods. Corp.,* 786 F.2d 1561, 1564 (11th Cir.1986).[2] The time period to bring an action begins to run when one party unequivocally refuses to arbitrate the dispute. *E.g., Aluminum, Brick and Glassworkers Int'l Union Local 674 v. A.P. Green Refractories, Inc.,* 895 F.2d 1053, 1055 (5th Cir.1990); *Communication Workers v. Western Elec. Co.,* 860 F.2d 1137, 1144 (1st Cir.1988); *Niro v. Fearn Int'l, Inc.,* 827 F.2d 173, 177–78 (7th Cir. 1987); *Harrington,* 820 F.2d at 38.

■ AAA Plumbing contends that the February 15, 1991 letter by its counsel constituted an unequivocal refusal to arbitrate the dispute concerning the backpay settlement. The international asserts that AAA Plumbing did not *unequivocally* refuse to arbitrate until the May 3, 1991 letter. The international filed its complaint on October 25, 1991, so whether the action was timely filed depends on which characterization of events is correct.

In the February 15, 1991 letter AAA Plumbing's counsel responded to the "suggestion" that the parties return to arbitration by outlining the settlement between AAA Plumbing, the local, and Watson and then concluded:

**1.** In contrast, whether a party has made a timely demand for arbitration upon the other party should generally be decided by the arbitrator. *Harrington,* 820 F.2d at 36.

**2.** For similar cases arising under Georgia law we have also adopted a six month statute of

I'm confident you were unware [sic] of the circumstances of the matter and, frankly, at the time of our telephone conversation, I too was unaware. I did not represent the Company in the Arbitration case.

However, in light of these disclosures I'm sure you will agree that the matter is closed and it would be inappropriate to reopen it at this time.

Use of the phrase "I'm sure you will agree," indicates that the letter was not an unequivocal refusal to arbitrate, but rather an attempt to persuade the international's counsel that he had no basis for the suggestion that the parties should return to arbitration. This conclusion is supported by the first quoted paragraph which shows that, until the February 15, 1991 letter, both counsel were unaware of the alleged settlement.

In addition, the parties' subsequent conduct provides further support for the conclusion that the February 15, 1991 letter was not an unequivocal refusal. Counsel for the international responded on February 25, 1991 that a settlement of an arbitration award without the international would be invalid, and on March 6, 1991 requested that AAA Plumbing compute backpay under the international's theory to determine how far apart the parties were. Rather than respond that the matter was closed, on March 11, 1991 counsel for AAA Plumbing wrote "I ... would be interested to see what the Union's position is concerning Alvin Watson's backpay," and on March 18, 1991 sent the international information concerning Watson's wages and the settlement. These exchanges show that, even after February 15, 1991, neither party had locked itself into one position.

Thus, the May 3, 1991 letter by AAA Plumbing's counsel stating that "I must respectfully decline your request to return to the Arbitrator," is the first time AAA

limitations. *Samples v. Ryder Truck Lines, Inc.,* 755 F.2d 881, 888 (11th Cir.1985). For Florida cases, however, we have adopted a one year statute of limitations. *United Paperworks Int'l Local, #395 v. ITT Rayonier, Inc.,* 931 F.2d 832, 838 (11th Cir.1991).

Plumbing *unequivocally* adopted the position that it would not go to arbitration. Because the statute of limitations is six months and the international filed its complaint on October 25, 1991, this action is timely.

### B. 301 Claim

 As a general rule an arbitration award requiring reinstatement and backpay, but leaving the calculation of the amount of backpay to the parties, is considered final and enforceable. *See United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 599, 80 S.Ct. 1358, 1362, 4 L.Ed.2d 1424 (1960) (enforcing arbitration award even though exact amount of backpay had not yet been calculated). If the parties cannot agree on the amount of backpay, however, the normal course of action is to treat the award as ambiguous or incomplete and remand the dispute to the original arbitrator to clarify the award. *See San Antonio Newspaper Guild Local No. 25 v. San Antonio Light Div.*, 481 F.2d 821, 825 (5th Cir.1973) [3]; *Bealmer v. Texaco, Inc.*, 427 F.2d 885, 886–87 (9th Cir.), *cert. denied,* 400 U.S. 926, 91 S.Ct. 187, 27 L.Ed.2d 185 (1970); *see also Locals 2222, 2320–2327, Int'l Bhd. of Elec. Workers v. New England Tel. & Tel. Co.*, 628 F.2d 644, 649 (1st Cir.1980). This result is consistent with the principles that, when a collective bargaining agreement contains an arbitration clause, there is a presumption in favor of arbitration and that doubts concerning the arbitrability of disputes should be resolved in favor of arbitration. *AT & T Technologies, Inc. v. Communication Workers,* 475 U.S. 643, 650, 106 S.Ct. 1415, 1419, 89 L.Ed.2d 648 (1986).

It is clear that, were this simply a dispute over the amount of backpay due Watson, *San Antonio Light Division* would dictate a remand to the original arbitrator to decide the amount of backpay. AAA Plumbing contends, however, that arbitration over the issue of the amount of backpay has been foreclosed by the settlement between itself, the local, and Watson. The international asserts that whether the settlement is valid and precludes arbitration over the amount of backpay is itself an issue that must be decided by the arbitrator.

 We have held that whether a grievance has been settled is an issue that should be decided by an arbitrator. *UAW v. Daniel Radiator Corp.*, 328 F.2d 614, 614–15 (5th Cir.1964) (per curiam). The district court, however, relying upon *L.O. Koven & Brother, Inc. v. Local Union No. 5767,* 381 F.2d 196 (3d Cir.1967), held that it should decide whether the settlement was valid. *L.O. Koven* recognized the general rule established by *Daniel Radiator, see* 381 F.2d at 204–05 & n. 34 (*citing Daniel Radiator* and other cases holding that effect of release is arbitrable), but posited an exception when a release "explicitly discharges the parties from the collective bargaining agreement itself, or from the arbitration provisions thereof." *Id.* at 205. Assuming the exception articulated by *L.O. Koven* is correct, it is not applicable to the present case. The check endorsed by Watson provided, "By endorsement the endorser hereby acknowledges receipt of this check as settlement of discharge arbitration." This language does not explicitly discharge AAA Plumbing, the local or the international union from the collective bargaining agreement or its arbitration provisions. The settlement of the backpay dispute therefore does not fall within the exception to arbitration defined by *L.O. Koven,* and, under the general rule announced by *Daniel Radiator,* the question whether the settlement is valid should be decided through arbitration.

 The district court also held that further arbitration was not required because, under the terms of the collective bargaining agreement, the local and the employee could settle a dispute concerning an arbitration award without the international's participation. This violates the principle that, in determining whether a

---

**3.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) the Eleventh Circuit adopted as binding precedents all decisions of the former Fifth Circuit issued before October 1, 1981. *Id.* at 1207.

dispute is arbitrable, a court should not rule on the potential merits of the underlying claims. *See AT & T Technologies,* 475 U.S. at 649–50, 106 S.Ct. at 1418–19; *see also Mobile S.S. Ass'n, Inc. v. Local 1410, Int'l Longshoremen's Ass'n,* 934 F.2d 280, 283 (11th Cir.1991). " 'The courts, therefore, have no business weighing the merits of the grievance, ... or determining whether there is particular language in the written instrument which will support the union's claim.' " *AT & T Technologies,* 475 U.S. at 650, 106 S.Ct. at 1419 (*quoting Steelworkers v. American Mfg. Co.,* 363 U.S. 564, 568, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403 (1960)). Whether the international's participation is required to settle a dispute concerning an arbitration award requires interpretation of the collective bargaining agreement and must be decided by an arbitrator.

■ AAA Plumbing also contends that it was entitled to summary judgment based on standing, laches, payment and acceptance of backpay, apparent authority of the local to settle the dispute, ratification by the international, and the lack of rescission and restitution of funds by the employee. "Once it is determined ... that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 557, 84 S.Ct. 909, 918, 11 L.Ed.2d 898 (1964). The defenses raised by AAA Plumbing all involve either the merits of the dispute or questions of procedure that should be resolved by the arbitrator. *See Bealmer,* 427 F.2d at 886–87 (standing and laches are procedural issues); *see also Chicago Typographical Union No. 16 v. Chicago Sun-Times, Inc.,* 860 F.2d 1420, 1424 (7th Cir. 1988) (standing, res judicata effect of arbitration award, and timeliness are procedural issues); *Local Union 370 v. Morrison-Knudsen Co.,* 786 F.2d 1356, 1358 (9th Cir.1986) (collateral estoppel and equitable estoppel are procedural issues).

The validity of the settlement between AAA Plumbing, the local, and Watson must be determined through arbitration. Moreover, because this issue grows out of and is intertwined with the dispute over the amount of backpay awarded to Watson, the entire dispute should be remanded to the original arbitrator so that he can clarify the award. *See San Antonio Light Division,* 481 F.2d at 825; *see also AFSCME v. Walker County Medical Ctr., Inc.,* 715 F.2d 1517, 1519 (11th Cir.1983) (per curiam) (remanding to original arbitrator to clarify award). We express no opinion concerning the validity of the settlement or the amount of backpay that Watson should have received.

The judgment of the district court is REVERSED and the case is REMANDED with instructions to remand to the original arbitrator for further consideration.