[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15081
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-03224-CAP


UNITED STEEL, PAPER AND FORESTRY, RUBBER
MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE
WORKERS INTERNATIONAL UNION AFL-CIO-CLC, et al.,

                                        Plaintiffs-Appellees,

                    versus


SMURFIT-STONE CONTAINER CORP.,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 22, 2012)

Before EDMONDSON, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Smurfit-Stone Container Corporation appeals from the district court's enforcement of an arbitral judgment and award of pre-judgment interest. We affirm, and address those issues that merit discussion.

I

In early 2005 Clifford Adams – a Smurfit employee and member of both the United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial, & Service Workers International Union (USW) and Local 703 of the USW – suffered a shoulder injury at work. Mr. Adams – who had 19 years of seniority at Smurfit's Atlanta East facility– subsequently filed a workers' compensation claim, and had surgery on his right shoulder in July of 2005.

Smurfit fired Mr. Adams in mid-September of 2005 for purportedly violating the company's attendance policy. Pursuant to the governing collective bargaining agreement (CBA), the USW and Local 703 filed a grievance on Mr. Adams' behalf challenging the termination.

In October of 2007 the arbitrator sustained the grievance. The arbitrator ruled that Smurfit's discharge of Mr. Adams violated the CBA, and ordered that Mr. Adams be "immediately reinstated with such accommodations as are necessary to employ

2

[him] in a comparable position, as nearly as possible, to the one from which he [was] discharged." The arbitrator further ordered that Mr. Adams receive "all back pay which he would have received had he not been terminated together with a restoration of all lost seniority," with a deduction from back pay of all workers' compensation benefits and/or unemployment payments, as well as any payments received by Mr. Adams since his termination. The arbitrator did not provide any actual monetary figure for the back pay award, and did not say anything about pre-judgment interest.

Although Article XX of the CBA provides that arbitration is final and binding on the union, the company, and the employee, Smurfit did not reinstate Mr. Adams (though it did put him back on the seniority list), purportedly because it concluded that it was impossible to do so (i.e., because there was no accommodation which would allow Mr. Adams to perform any job given his physical limitations). Smurfit also did not give Mr. Adams any back pay. Not surprisingly, the USW and Local 703 disagreed with Smurfit's failure to comply with the arbitration award.

In late 2007 and early 2008, the parties submitted correspondence to the arbitrator – who had agreed to retain jurisdiction to assist the parties in implementing the award – concerning their ongoing dispute. In February of 2008, the arbitrator declared that the parties had reached an impasse, stated that his award was "clear and concise," and declined to exercise continuing jurisdiction over the matter. In a

3

further effort to resolve their dispute, the parties agreed to toll the relevant statutes of limitation until October 22, 2008, but they were not able to come to an agreement. *See* Complaint at ¶ 15; Answer and Affirmative Defenses at 5 ¶ 15.

The USW and Local 703 filed suit against Smurfit in federal district court on October 15, 2008, alleging that the company had breached the CBA by not complying with the arbitration award. They requested that the district court declare the arbitration award binding, enforce the award, require Smurfit to comply with it, and order all appropriate equitable and legal relief in light of Smurfit's breach. The lawsuit was filed pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, which provides district courts with, among other things, subject-matter jurisdiction to entertain an action by an employee or union against an employer to enforce an arbitration award which is final and binding pursuant to the terms of the CBA. *See, e.g., Gen. Drivers, Warehousemen & Helpers, Local Union No. 89 v. Riss & Co.,* 372 U.S. 517, 519 (1963); *Diaz v. Schwerman Trucking Co.,* 709 F.2d 1371, 1374 (11th Cir. 1983); *Truck Drivers & Helpers Local Union No. 728 v. Georgia Highway Express, Inc.,* 328 F.2d 93, 95-96 (5th Cir. 1964). Smurfit did not file an independent action or counterclaim to vacate the arbitration award by October 22, 2008, the date tolling ended. Instead, it filed its answer and affirmative defenses on December 19, 2008.

The district court ultimately granted summary judgment in favor of the USW and Local 703. It held that Smurfit had waived all arguments concerning the validity of the arbitration award by failing to file a timely action or counterclaim seeking vacatur of the award. It also concluded, based on the record before it, that Smurfit had failed to "adopt an accommodation to allow [Mr.] Adams to work within his physical restrictions and did not find work for him to perform." It explained that Smurfit's impossibility argument was not persuasive "because evidence supporting an impossibility defense was available to the arbitrator at the time of arbitration."

Smurfit requested that the district court remand the matter to the arbitrator for a calculation of back pay and other benefits, but the district court denied the request. Instead, after supplemental briefing, the district court awarded Mr. Adams $214,981.06 in net back pay (including pre-judgment interest as calculated by a rate set by the National Labor Relations Board) and ordered Smurfit to credit Mr. Adams with the years of service between the time of his termination and his reinstatement in January of 2011.[1] This appeal by Smurfit followed.

II

"On . . . appeal of a district court's decision to confirm or vacate an arbitration

---

[1] Smurfit had reinstated Mr. Adams in January of 2011, while the lawsuit was pending before the district court.

award, we review the district court's resolution of questions of law *de novo* and its findings of fact for clear error." *Rintin Corp. S.A. v. Domar Ltd.,* 476 F.3d 1254, 1258 (11th Cir. 2007). We exercise plenary review with respect to the district court's grant of summary judgment. *See, e.g., Gish v. Thomas,* 516 F.3d 952, 954 (11th Cir. 2008). The district court's award of pre-judgment interest is reviewed for abuse of discretion. *See, e.g., Werner Enterprises, Inc. v. Westwind Maritime Int'l, Inc.,* 554 F.3d 1319, 1328 (11th Cir. 2009).

## A

Smurfit first argues that the district court erred in granting summary judgment in favor of the USW and Local 703 because, as a matter of law, it could not reinstate Mr. Adams to a comparable position. Smurfit contends that, at the time of the arbitration award, Mr. Adams had been diagnosed as permanently disabled and was not able to lift more than 10-15 pounds.

We need not address this argument. Under Eleventh Circuit precedent, an employer seeking to vacate an adverse arbitration award arising out of a CBA under § 301 of the LMRA must challenge the award through judicial action within three months or "else be barred from raising any defenses to the award." *See United Steel, Paper & Forestry, Rubber, Mfg. , Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIO v. Wise Alloys, LLC,* 642 F.3d 1344, 1352-53 (11th Cir. 2011) (borrowing

6

three-month limitations period from § 12 of the Federal Arbitration Act, 9 U.S.C. § 12). Because an aggrieved employer "may not wait to attack the award in a subsequent suit to confirm the award after the statute of limitations has run," *see id.* at 1352, Smurfit's "impossibility" argument is time-barred and we decline to address it.

B

Smurfit also contends that the district court erred by not remanding the matter back to the arbitrator and by addressing issues properly left to the arbitrator (e.g., the methodology for computing back pay, the amount of back pay, and the award of pre-judgment interest). The USW and Local 703 respond that the district court's ruling should be affirmed for a number of reasons. First, the back pay was properly calculated based on Mr. Adams' own position (rather than that of any comparable position) given that Mr. Adams had been reinstated by Smurfit before the conclusion of the lawsuit. Second, the district court had discretion to award pre-judgment interest (and did not abuse that discretion) in light of Smurfit's failure to comply with the arbitration award.

"As a general rule an arbitration award requiring reinstatement and back pay, but leaving the calculation of the amount of back pay to the parties, is considered final and enforceable. If the parties cannot agree on the amount of back pay,

7

however, the normal course of action is to treat the award as ambiguous or incomplete and remand the dispute to the original arbitrator to clarify the award." *Aluminum Brick & Glass Workers Int'l Union v. AAA Plumbing Pottery Corp.,* 991 F.2d 1545, 1549 (11th Cir. 1993) (citations omitted). Although there are a number of decisions adhering to this "normal course" of action,[2] they do not require reversal here.

As an initial matter, we do not believe that the award of back pay was ambiguous. The arbitrator did not simply award back pay in the abstract, but explained that Mr. Adams was "entitled to receive all back pay which he would have received had he not been terminated," minus any workers' compensation benefits or other payments received by him, "together with a restoration to all lost seniority." Had Mr. Adams not been improperly terminated, he would have continued receiving his regular salary, and therefore that salary was properly used by the district court to compute the back pay. In the words of *San Antonio Newspaper Guild,* 481 F.2d at

---

[2] *See, e.g., San Antonio Newspaper Guild Local No. 25 v. San Antonio Light Div.,* 481 F.2d 821, 825-26 (5th Cir. 1973) (noting that remand is normal course of action, but declining to remand because second arbitrator had resolved ambiguity in first arbitrator's award); *American Fed'n of State, County, & Mun. Employees Local Lodge No. 1803 v. Walker County Med. Ctr., Inc.,* 715 F.2d 1517, 1519 (11th Cir. 1983) (requiring remand to arbitrator for clarification of what was meant by reinstatement of employee to "suitable position"); *Bakery, Confectionary & Tobacco Workers Local Union No. 362-T v. Brown and Williamson Tobacco Corp.,* 971 F.2d 652, 655-56 (11th Cir. 1992) (holding that district court did not err in remanding ambiguous award to arbitrator). *But cf. American Airline Pilots Ass'n, Int'l v. Eastern Air Lines, Inc.,* 632 F.2d 1321, 1323 (5th Cir. 1980) (stating, in context of arbitration order under the Railway Labor Act, that district court was "not free to remand because the order was viewed as ambiguous").

825, it would have been a "pointless gesture" to remand the matter to the arbitrator for such a mathematical computation. *See also Aeronautical Machinists v. Lockheed-Georgia Co.,* 1982 WL 172521, *5 (11th Cir. 1982) (unpublished) (district court erred in remanding matter back to arbitrator where award was "unequivocal" and was not so vague and ambiguous so as to be "incapable of enforcement").

In addition, the arbitrator had already told the parties – when they could not agree as to whether Smurfit was able to reinstate Mr. Adams – that his award was clear, that the parties had reached an impasse, and that he declined to exercise any further jurisdiction over the matter. Under these circumstances, the district court cannot be faulted for concluding that a remand was not required and/or would have proven ineffective.

Finally, we note that the district court announced its decision not to remand the matter to the arbitrator from the bench after hearing oral argument on March 17, 2011. *See* Docket Entry 55 (Minute Entry) ("The Court will not send parties back to arbitration."). Because the district court's later written order does not contain any further explanation for its decision, we assume that the rationale for the ruling was conveyed orally to the parties at the hearing. We cannot, however, properly review that rationale because Smurfit did not order a transcript of the hearing, and as a result there is no transcript in the record on appeal. As we have said before, "the burden

9

is on the appellant to ensure that the record on appeal is complete, and where a failure to discharge that burden prevents us from reviewing the district court's decision we ordinarily will affirm the judgment." *Selman v. Cobb County School Dist.,* 449 F.3d 1320, 1333 (11th Cir. 2006) (citing cases).

C

Turning to the district court's award of pre-judgment interest on back pay, we find no reversible error. As a general matter, a district court's award of pre-judgment interest is reviewed for an abuse of discretion, which means that the district court has a "range of choices it may make and still be affirmed." *Blasland, Bouck, & Lee, Inc. v. City of N. Miami,* 283 F.3d 1286, 1298 (11th Cir. 2002). The LMRA does not say anything about pre-judgment interest, but the Supreme Court has instructed that where federal law is silent on the issue, courts may award pre-judgment interest in response to considerations of fairness, *see Blau v. Lehman,* 368 U.S. 403, 414 (1962), and the former Fifth Circuit, in *Oil, Chem. & Atomic Workers Int'l Union, Local No. 4-447 v. American Cyanamid Co.,* 546 F.2d 1144, 1144 (5th Cir. 1977), applied this general rule to the LMRA, albeit in a non-arbitration context. Relevant for our purposes are several cases holding that, in an LMRA enforcement action, a district court has the authority to award pre-judgment interest on an arbitrator's back pay judgment. *See, e.g., Quaker Oats Co. v. Int'l Chemical Workers Union,* 1993 WL

10

47199, *3 (6th Cir. 1993); *Vrable IV, Inc. v. SEIU Dist. 1199,* 784 F.Supp.2d 846, 854 (S.D. Ohio 2011); *Millcraft-SMS Services, LLC v. United Steel Workers of America,* 346 F.Supp.2d 1176, 1186-87 (N.D. Ala. 2004).

Against this background, and given the absence of authority forbidding an award of pre-judgment interest in LMRA enforcement cases, the district court acted within its discretion in awarding pre-judgment interest. For more than three years Smurfit failed to reinstate Mr. Adams or give him the back pay to which the arbitrator said he was entitled, thereby depriving him of substantial income for a long period of time. The district court could have easily reasoned that it was fair to award pre-judgment interest so that Mr. Adams would be made whole with respect to back pay. *Cf. Int'l Union of District 50, United Mine Workers of America v. Bowman Transp. Inc.,* 421 F.2d 934, 935 (5th Cir. 1970) (district court has discretion, in LMRA enforcement action, to award attorney's fees and costs if "a party without justification refused to abide by the award of an arbitrator").

III

The district court's rulings and judgment are affirmed.

**AFFIRMED.**