### JAMES W. SMITH vs. DANIEL B. HOLCOMB.

The submission of a cause of action to four arbitrators by whose "final award" the parties promised to abide; their award "that we come to the final conclusion that in the amount of damages we do not agree, but our agreement is that each party pay his own arbitrators" a certain sum each; and the payment of one of the arbitrators by the plaintiff; are no bar to another action by the same plaintiff against the same defendant on the same cause.

In assessing damages for an assault and battery, the jury may consider as an aggravation of the tort the mental suffering of the plaintiff from the insult and indignity of the defendant's blows.

Smith *v.* Holcomb.

On a trial, after the case had been committed to the jury and they had retired, the sheriff, by order of the judge on the plaintiff's motion, delivered to them a motion for an increase of the allegation of damages in the writ, which had been granted before the trial and the plaintiff had stated to them in his opening, and which they had accidentally omitted to take with them in retiring. *Held,* that the defendant had no ground of exception.

TORT for assault and battery by blows on the plaintiff's head. Writ dated February 23, 1867. Answer, among other things, that on November 19, 1866, the plaintiff sued the defendant for the same cause of action, and on February 6, 1867, by a writing under seal, the parties withdrew that action from court, and submitted it " for final decision " to a board of four arbitrators, (three of the four, including one physician, being named in the writing, and it being provided that the fourth also should be a physician, to be selected by the defendant,) who were to meet on February 16, at the plaintiff's house in Chester, " to hear the parties by their own statements, without counsel or other evidence in the hearing," and by whose " final award " the parties mutually promised to abide; that the arbitrators met at the appointed time and place, " and the plaintiff and the defendant were both present, and were heard by the arbitrators fully and according to the terms of their agreement, and the arbitrators thereupon made up their award," and indorsed it upon the written agreement, as follows : " The undersigned, arbitrators within named, have heard the parties by their several statements under oath, other evidence by the board being excluded ; and, there being a wide divergence in their statements aforesaid, we come to the final conclusion that in the amount of damages we do not agree on any sum ; but our agreement is, that each party pay his own arbitrators the sum of five dollars each."

Damages were laid in the writ in the sum of $500, and afterwards increased to $3000 on the written motion of the plaintiff.

At the trial in the superior court, before *Devens,* J., the plaintiff's counsel in his opening stated to the jury the increase of the *ad damnum ;* and evidence was offered in the plaintiff's behalf, that the defendant struck him unlawfully. The defendant offered in evidence the original submission and award as set forth in the answer. " It was admitted that the cause of action

declared on was the same as that submitted under said submis-
sion. It also appeared that the plaintiff, after said award was
published, paid to one of the referees chosen by him three dol-
lars for his fees as referee, being all that said referee charged
him ; and that the plaintiff had not settled with the other referee
chosen ·by him. The court excluded the evidence of the sub-
mission and award, and ruled that the same were no defence to
this action. The court instructed the jury that the plaintiff, if
entitled to recover at all, could recover for all the direct injurious
results to him by reason of this assault, and could also recover
for the insult and indignity inflicted upon him by reason of the
blows given him by the defendant. The defendant excepted to
so much of the instructions as related to the insult and indig-
nity. After the jury had retired and been out some length of
time, the plaintiff's counsel requested that the motion to in-
crease the *ad damnum* might be sent to the jury. The defendant
objected, but the court, being satisfied that the paper had been
accidentally omitted to be sent out, ordered the sheriff to de-
liver the same to the jury, and the sheriff did so deliver it."
The jury found for the plaintiff, and assessed damages in the
sum of $200. The defendant alleged exceptions.

*A. M. Copeland,* for the defendant.

*H. Morris & E. H. Lathrop,* for the plaintiff. ·

Chapman, C. J. The language of the award does not import
that the arbitrators have come to any conclusion in respect to
damages ; but that they are unable to do so by reason of disa-
greement among themselves. They are only able to agree that
each party pay " his own arbitrators " the sum stated for their
services. It is quite unlike the award in *Stickles* v. *Arnold,* 1
Gray, 418, and the awards in the other cases there referred to.
The arbitrators have not decided the principal matter which was
submitted to them, and such an award is no bar to this action.
*Houston* v. *Pollard,* 9 Met. 164. *Fletcher* v. *Webster,* 5 Allen,
566. *Estes* v. *Mansfield,* 6 Allen, 69.

The insult and indignity inflicted upon a person by giving
him a blow with anger, rudeness or insolence, occasion menta,
suffering. In many cases they constitute the principal element

of damage. They ought to be regarded as an aggravation of the tort, on the same ground that insult and indignity, offered by the plaintiff to the defendant, which provoked the assault, may be given in evidence in mitigation of the damage. Even where there is no insult or indignity, mental suffering may be a ground of damage, in an action of tort for an injury to the person. *Canning* v. *Williamstown*, 1 Cush. 451.

The amendment to the writ ought to have been delivered to the jury with the writ; and, if it was left behind by mistake, it was proper to send it to them. It was not like sending them a letter, as in *Sargent* v. *Roberts*, 1 Pick. 337 ; or a paper which they ought not to have, as in *Whitney* v. *Whitman*, 5 Mass. 405, and *Alger* v. *Thompson*, 1 Allen, 453. It happens not unfrequently that some paper belonging to the case is accidentally left behind when the jury retire, and to send it to them without remark cannot be regarded as a communication which must be made in the court room.               *Exceptions overruled.*