BENJAMIN MAGLIOZZI & others *vs.* HANDSCHUMACHER
& CO., INC.

Suffolk.    April 3, 1951. — July 2, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Arbitration. Labor and Labor Union. Equity Jurisdiction,* Arbitration,
Labor.    *Words,* "Assumption," "Understanding," "Moneys lost,"
"Proper judicial proceedings."

A decision of an arbitrator sufficiently showed that he had found a certain vital fact notwithstanding that he referred to his "understanding" of that fact and stated that his decision was based on an "assumption" thereof.

An award by an arbitrator stating that an employee was entitled to recover from his employer "moneys lost" through an improper layoff was not so vague as to be unenforceable.

A suit in equity against an employer by plaintiffs representative of the membership of a labor union which had a collective bargaining contract with the defendant providing that decisions of an arbitrator appointed thereunder should be "final and binding" was, within G. L. (Ter. Ed.) c. 150, § 11, inserted by St. 1949, c. 548, "proper judicial proceedings" to enforce an arbitrator's award determining that one of the plaintiffs who had been improperly laid off by the defendant contrary to the contract was "entitled to recovery of moneys lost" through such layoff.

BILL IN EQUITY, filed in the Superior Court on September 29, 1950.

A demurrer was heard and a report made by *Hudson,* J.

*D. Needham, Jr.,* for the defendant.

*F. F. Cohen,* (*A. W. Parker* with him,) for the plaintiffs.

WILKINS, J.  This bill in equity is brought respectively by six members of a local union, including the plaintiff Hyde, and by one member of its parent international union, individually and as officers, members, and representatives of all the members.  The main purposes of the bill are to secure the enforcement of the award of an arbitrator and to secure the reinstatement of the plaintiff Hyde as an em-

ployee of the defendant. The defendant filed a demurrer setting up the existence of an adequate remedy at law and failure to state a cause for relief in equity. *Chamberlain* v. *James*, 294 Mass. 1, 6. An interlocutory decree was entered overruling the demurrer, and the judge, being of the opinion that the questions raised by the demurrer so affect the merits of the controversy that the matter ought, before further proceedings, to be determined by this court, has reported such questions and stayed further proceedings. G. L. (Ter. Ed.) c. 214, § 30.

The allegations of the bill, succinctly stated, are these. Local 11 of United Packinghouse Workers of America, C. I. O., and the United Packinghouse Workers of America, C. I. O., are voluntary unincorporated associations. The local has 1,200 members, some of whom, including the plaintiff Hyde and another plaintiff, are employed by the defendant. The international has 150,000 members, with its central office in Chicago and a regional office in Boston. The six plaintiffs, members of the local, are fairly representative of its membership, and the seventh plaintiff, an officer and a member of the international, is fairly representative of its membership.[1] The defendant is engaged in the business of meat packing in Boston, and the local is the bargaining agent of such of its members as are employed by the defendant. On June 2, 1950, the plaintiff Hyde, an employee in the sausage department on the defendant's payroll since prior to December 1, 1946, was laid off. The plaintiff Hyde "made a grievance" on the ground that the layoff was in violation of his seniority rights in that employees junior in service to him were retained in employment contrary to the provisions of a written contract between the defendant, on the one hand, and the international and the local, on the other. Failing a settlement, an impartial arbitrator was appointed under the contract upon the issues: "Was the layoff of Harold Hyde proper under the terms of the contract? If not, to what remedies shall

---

[1] See *Donahue* v. *Kenney*, *ante*, 409.

he be entitled?" After a hearing, the arbitrator made a decision, in which he stated, "As long as it can be shown that junior employees are working in a department when a senior man is laid off, such layoff is contrary to the written requirement of the contract. AWARD. Given the language of Article 12,[1] it is hereby ruled that the layoff of Harold Hyde was improper; such ruling is based on the assumption that there were employees junior to Hyde in point of service in the sausage department. The aggrieved employee is entitled to recovery of moneys lost by virtue of the improper layoff." Notwithstanding that the contract provides that all decisions of the arbitrator "shall be final and binding upon all the parties,"[2] the defendant has refused to abide by the award. It has retained in its employ employees junior to Hyde in point of service in the sausage department. It has failed to reinstate Hyde or to pay him moneys lost by the layoff which are at the rate of $52 a week from June 2, 1950.

The entire contract and the decision of the arbitrator, annexed to the bill, are a part thereof to be considered on demurrer. *Chinese American Restaurant Corp.* v. *Finigan*, 272 Mass. 360, 364–365.

1. The defendant seeks to impeach the award for invalidity. *Burns* v. *Thomas Cook & Sons, Inc.* 317 Mass. 398. It contends that there has been no finding on the essential question of Hyde's relative seniority. Stress is placed on the use of the word "assumption" in the award, and so, it

---

[1] The pertinent language of the paragraph of the contract to which the arbitrator referred is: "12. All workers who were in the employ of the employer on December 1, 1946, are hereby declared regular employees, and all workers hired commencing December 1, 1946, shall be considered as extra help. In the event that the work week falls below forty (40) hours in any department for two consecutive weeks, employees in the department who have been hired after December 1, 1946, shall be laid off on a seniority basis determined by length of service, and regular employees shall divide the remaining work equally so far as is practicable in their said departments. . . . All employees who are laid off shall be rehired in the reverse order of their lay-offs before any new help is hired."

[2] Paragraph 11 of the contract provides in part: "If the board of arbitration decides that the employee has not been discharged for just cause, said employee shall immediately be reinstated to his or her position and department. The question of back pay for the employee so reinstated shall be a question for the board of arbitration to decide."

is argued, the arbitrator took for granted the fundamental point at issue. In one place, the arbitrator stated, "Hyde was a low service man in the department; *but*, it is the arbitrator's understanding that there were other jobs filled by men with less service." This is urged as an indication that the word "assumption" had been used advisedly and was based upon the statement of the arbitrator's "understanding," which was not a finding of fact. This strikes us as too narrow an interpretation. Elsewhere, as shown in the quotation from the decision given in the bill of complaint, the arbitrator said, "As long as it can be shown that junior employees are working in a department when a senior man is laid off," the contract is violated. We think that this recognized that there had been a finding that *a* senior man had been laid off, and shows that the use of the word "understanding" was intended as a finding of fact that the plaintiff Hyde was a senior man. Arbitrations are often conducted by laymen, who cannot be technically held to the nice use of precise language as in a court of law. See *Second Society of Universalists in Boston* v. *Royal Ins. Co. Ltd.* 221 Mass. 518, 522; *Donovan* v. *Travers*, 285 Mass. 167, 174; *Becker* v. *Calnan*, 313 Mass. 625, 631; *Moran* v. *School Committee of Littleton*, 317 Mass. 591, 596; *Mayor of Everett* v. *Superior Court*, 324 Mass. 144, 148.

2. There is no fatal vagueness in the use of the phrase "moneys lost" nor in the omission of any finding as to the period for which the award was made. The fundamental fact of the impropriety of the layoff has been settled adversely to the defendant. It has also been determined in the award that the plaintiff Hyde is to have damages. The computation of those damages, however constructive might have been the making of one by the arbitrator, is a legal consequence which need not be spelled out in the award.

3. In support of its contention that there is no jurisdiction in equity, the defendant argues that the award is only for the payment of money, for the recovery of which the legal remedy is entirely adequate. Prior to the enactment of St. 1949, c. 548, the partial award could not have been

enforced in the courts of the Commonwealth. *Smith* v. *Holcomb*, 99 Mass. 552. *Kabatchnick* v. *Hoffman*, 226 Mass. 221. *Cochrane* v. *Forbes*, 257 Mass. 135, 143. Williston, Contracts, (Rev. ed.) 5397. General Laws (Ter. Ed.) c. 150, § 11, inserted by St. 1949, c. 548, however, provides: "All provisions of collective bargaining agreements relating to arbitration and conciliation before public or private arbitration and conciliation tribunals shall be valid, and if the parties to such agreements agree that the determination of the tribunal on any issue shall be final, such determination shall be deemed final and shall be enforceable by proper judicial proceedings."

The defendant's position is that under the statute "proper judicial proceedings" for an award of money can only mean actions at law. This overlooks, however, both the nature of the contract and the purpose of the statute. The contract purports to afford a prompt and peaceful settlement of labor disputes, in part by resort to arbitration. The present arbitration was brought about in an attempt to determine the seniority rights of the plaintiff Hyde, and resulted in what we hold to be a valid award against the defendant. If the equitable remedy should be ruled to be unavailable to the plaintiffs, the alternative could be strife or delay attending a strike or the outcome of successive actions at law to recover the sum of not more than $52 weekly. Such a restricted interpretation of the legislative intent would not be reasonable. Moreover, the Legislature must have known that in an action at law all the members of the local and of the international would be necessary parties. *Maguire* v. *Reough*, 238 Mass. 98, 100. *Donovan* v. *Danielson*, 244 Mass. 432, 436–437. See *Parkway, Inc.* v. *United States Fire Ins. Co.* 314 Mass. 647.

In our opinion, the plaintiffs can maintain this suit, at least for the purpose of collecting damages pursuant to the award. This is enough to uphold the judge's action in overruling the demurrer.

4. The plaintiffs' bill contains a prayer for the reinstatement of the plaintiff Hyde, but we are not sure whether

they intend to ask for such an order.  See *Sanford* v. *Boston Edison Co.* 316 Mass. 631, 634;  and cases collected in 156 A. L. R. 652.  The defendant argues that the award is confined to the payment of money, and no other relief, accordingly, may be given.  There also might be involved the specific enforcement of a contract of personal service.  We do not reach these questions at the present time.

*Interlocutory decree overruling*
*demurrer affirmed.*