[No. F054983. Fifth Dist. Jan. 14, 2009.]

KIMBERLY MOSSMAN, Plaintiff and Respondent, v.
CITY OF OAKDALE, Defendant and Appellant.

COUNSEL

Costanzo & Associates and Neal E. Costanzo for Defendant and Appellant.

Mastagni, Holstedt, Amick, Miller, Johnsen & Uhrhammer and Christopher W. Miller for Plaintiff and Respondent.

OPINION

**WISEMAN, Acting P. J.**—In this twist arising from a contractual arbitration proceeding, we address whether an arbitrator's award that concludes (1) the City of Oakdale violated its own personnel rules, and (2) then directing the employee to be "made whole," without more, is an enforceable award. As sometimes happens, the arbitrator ordered the parties to work out the details of the make-whole remedy, which they did not do. This appeal flows from a judgment denying a motion to vacate the arbitration award pursuant to Code of Civil Procedure section 1286.2 on the ground the arbitrator did not specify an adequate remedy and therefore did not resolve all issues submitted to arbitration. Although we conclude that the arbitrator resolved issues presented in the arbitration, we order the judgment reversed because, in its current form, the judgment is unenforceable. We remand to enable the original arbitrator to determine the appropriate nature of the make-whole remedy.

## *PROCEDURAL AND FACTUAL SUMMARIES*

This is an appeal from a judgment denying a motion to vacate an arbitrator's award pursuant to Code of Civil Procedure section 1286.2[1] brought by appellant City of Oakdale (Oakdale) and confirming the award issued by arbitrator Kathleen Kelly on November 2, 2006, in favor of respondent Kimberly Mossman (Mossman). Mossman filed a petition to confirm the arbitrator's award near or at the time Oakdale filed its petition to vacate the award. The two petitions were consolidated, and the petition to confirm was granted at the same time the petition to vacate was denied.

Mossman was employed by Oakdale in the position of administrative secretary to the police chief. In August 2005, Mossman was notified that her position was being eliminated because of an impending budget cut. Mossman inquired about the bumping rights identified in paragraph 403[2] of Oakdale's Merit System Rules and Regulations (2004 ed.) (personnel rules). The

---

[1] All further statutory references are to the Code of Civil Procedure unless noted.

[2] We refer to the pertinent provisions of the personnel rules as "paragraphs" to avoid confusion with statutory "section" references.

paragraph provides that, in any reduction caused by lack of work or funds, seniority "shall be observed" and that "[t]he order of lay-off shall be in the reverse order of total cumulative time the employee has served in municipal service." At the time, the individuals holding two comparative positions were more senior to Mossman. However, there were two full-time administrative secretary vacancies open, one in the community development department and one in the public works department. There was also a part-time administrative secretary vacancy in the city manager's office. Mossman met the minimum qualifications for these three open positions. She asked to be allowed to fill one of them in exercise of her bumping rights. She was told, however, that she did not have the right to bump into administrative secretary positions in other departments. She was not considered for the vacant positions and ultimately was terminated.

In response, Mossman filed a grievance pursuant to paragraph 1104 of the personnel rules. At the first two steps of the grievance procedure (review by the department head and by the city administrator), Mossman's grievance was rejected. In place of the third step (an appeal to a convened adjustment board), the parties agreed to submit the dispute to a neutral arbitrator. Arbitrator Kelly was selected.

The arbitration hearing was held on May 8, 2006. At the start of the hearing, the parties stipulated that the issue being submitted for final and binding determination was: "Did [Oakdale] deny bumping rights to [Mossman] in violation of [the personnel rules] and if so what is the appropriate remedy?" In addition, the parties agreed that, in the event the arbitrator's award contained some remedy, the arbitrator would retain jurisdiction over any disputes that might arise concerning interpretation or implementation.

In a written opinion, the arbitrator found in favor of Mossman, noting that paragraph 403 "clearly contemplates some capacity on the part of laid off employees to bump into positions for which they are qualified." The arbitrator found that, in the summer of 2005, Mossman was asking to fill positions that were vacant and "[w]hatever orientation [Mossman] might have required for those work settings [positions in other city departments] cannot be found so great as to preclude the operation of bumping rights under the general language of [paragraph] 403. She should have been offered any vacancy existent for the position of Administrative Secretary." The arbitrator concluded that Oakdale had violated paragraph 403 and ordered that Mossman

"be made whole for losses sustained as the result of this violation." The arbitrator ordered that the details of the remedy be remanded to the parties and gave them 30 days from the date of the award to submit any unresolved issue to her for resolution. Neither party acted within this timeframe.

Since her termination, Mossman has found part-time employment. She does not receive the dental, health, vision, or retirement benefits formerly provided to her as an Oakdale employee.

## *DISCUSSION*

### I. *Ambiguity of award*

■ The exclusive grounds for vacating an arbitration award are those listed in section 1286.2 of the California Arbitration Act, section 1280 et seq.[3] (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 27–28 [10 Cal.Rptr.2d 183, 832 P.2d 899].) Oakdale argues that the arbitrator acted in excess of her jurisdiction by refusing to decide an issue submitted to her for resolution. ■ Section 1283.4 of the arbitration act requires that an arbitrator's award "shall include a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy." (§ 1283.4.) According to Oakdale, although the issue of remedy was submitted to the arbitrator, she did not decide it, instead remanding the issue back to the parties. If Oakdale is correct, failure to decide an issue submitted to an arbitrator provides a valid ground for vacating the award. (See *Banks v. Milwaukee Ins. Co.* (1966) 247 Cal.App.2d 34, 38–39 [55 Cal.Rptr. 139] [award must be vacated because arbitrator admitted he did not consider issue of general damages, and general damages were part of issues submitted to arbitrator].)

■ We begin with a brief reminder of the general principles governing contractual arbitration. An arbitrator's power to resolve a dispute extends only to those disputes submitted to the arbitrator by the parties. (*Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street* (1983) 35 Cal.3d 312, 323 [197 Cal.Rptr. 581, 673 P.2d 251] [arbitration is matter of

---

[3] The relevant provisions of section 1286.2, subdivision (a), provide: "(a) Subject to Section 1286.4, the court shall vacate the award if the court determines any of the following: [¶] . . . [¶] (4) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted. [¶] (5) The rights of the party were substantially prejudiced . . . by other conduct of the arbitrators contrary to the provisions of this title. . . ."

agreement between parties and limited to scope of their agreement]; *California Faculty Assn. v. Superior Court* (1998) 63 Cal.App.4th 935, 951 [75 Cal.Rptr.2d 1] [arbitrator cannot exceed authority granted him or her].) Contractual arbitration is a voluntary process by which parties agree to submit their dispute to an impartial third party. (*Herman Feil, Inc. v. Design Center of Los Angeles* (1988) 204 Cal.App.3d 1406, 1414 [251 Cal.Rptr. 895].) It is a highly favored method for resolving disputes between parties because it is speedy and inexpensive. (*Luster v. Collins* (1993) 15 Cal.App.4th 1338, 1344 [19 Cal.Rptr.2d 215]; see also *Moncharsh v. Heily & Blase, supra,* 3 Cal.4th at p. 9.) The award of an arbitrator is not self-executing. Unless confirmed or vacated by a court, an arbitration award is but a contract between the parties. (§ 1287.6.) The general practice is for one or more of the parties to an arbitration award to seek by petition to have the award either vacated or confirmed. (*Luster v. Collins, supra,* 15 Cal.App.4th at p. 1344.) An arbitration award may only be enforced as written and, when confirmed, the award is reduced to a final and enforceable judgment. (*Oil, Chemical & Atomic Workers, etc. v. Rohm, etc.* (5th Cir. 1982) 677 F.2d 492, 494; *Hanford Atomic Metal Trades Council v. General Electric Co.* (9th Cir. 1966) 353 F.2d 302, 307–308.)

◼   Further, in the absence of California authority, it is appropriate to rely on federal authorities construing a federal statute similar in purpose. (*Green v. Par Pools, Inc.* (2003) 111 Cal.App.4th 620, 623 [3 Cal.Rptr.3d 844].) The California statutory scheme for enforcement of private arbitration agreements is similar to the federal scheme. (*Cable Connection, Inc. v. DIRECTV, Inc.* (2008) 44 Cal.4th 1334, 1343 [82 Cal.Rptr.3d 229, 190 P.3d 586].)

◼   When we apply the governing law to the facts in this case, we conclude that the arbitrator did not fail to resolve the issues submitted to her for resolution. The "make-whole" remedy granted Mossman is a common remedy found in labor law cases. Its purpose is to return the aggrieved employee to the economic status quo that would exist had it not been for the employer's conduct. (*In re Continental Airlines* (3d Cir. 1997) 125 F.3d 120, 135; *North Star Steel Co. v. N.L.R.B.* (8th Cir. 1992) 974 F.2d 68, 70–71 [make-whole remedy awards employees monetary damages for money lost during period of employer violations]; *Standard Fittings Co. v. N.L.R.B.* (5th Cir. 1988) 845 F.2d 1311, 1314 [make-whole remedy imposes upon employer obligation to pay each employee difference between what employee would have made had employee received scheduled wage increase on time and what employee actually made]; *N.L.R.B. v. Hartman* (9th Cir. 1985)

774 F.2d 1376, 1388 [make-whole remedy for loss of pay and other benefits provided under contract traditionally granted and designed to restore status quo and enforce public right].)

The arbitrator ordered that Mossman be made whole for the losses sustained as a result of Oakdale's breach of its personnel rules. The award states: "The remedy in this case requires adaptation to present circumstances. The hearing in this case occurred almost one year after the relevant vacancies were filled. By that time, the new occupants had cultivated some degree of expertise. While this factor must not block Mossman from receiving appropriate relief, there is merit in allowing the parties time to assess present circumstances in the context of the findings set forth above, so that their mutual interests may be best served."

■ At the very least, this award contemplates reinstatement of Mossman to one of the positions that had been vacant in the summer of 2005 and the payment of lost wages and other lost benefits attributable to Oakdale's conduct. (*Luster v. Collins, supra,* 15 Cal.App.4th at p. 1345 [arbitrator's failure to render express findings on disputed questions does not invalidate award which settles entire controversy].) This decides the issue of remedy, even if it does not provide an enforceable judgment. (See *Trollope v. Jeffries* (1976) 55 Cal.App.3d 816, 822–823 [128 Cal.Rptr. 115] [confirmation of award raises it to status of judgment; it must be capable of being enforced like any other judgment].) The failure of an award to be enforceable, as a judgment, does not itself provide grounds for vacating the award. (See discussion in *Coca-Cola Bottling v. International Broth.* (S.D.Ala. 2007) 506 F.Supp.2d 1052, 1058; see also *Huck Store Fixture Co. v. N.L.R.B.* (7th Cir. 2003) 327 F.3d 528, 536 [court refuses under Federal Arbitration Act to vacate award that orders employer to make employees whole, rejecting employer's contention that award is overly broad]; *Locals 2222, 2320–2327, etc. v. New England, etc.* (1st Cir. 1980) 628 F.2d 644, 650–651 [make-whole remedy common award in labor relations even though actual computation of backpay owed may be deferred to subsequent proceedings]; *Magliozzi v. Handschumacher & Co. Inc.* (1951) 327 Mass. 569 [99 N.E.2d 856] [phrase "moneys lost" not fatally vague; impropriety of layoff was settled adversely to employer and award determined that employee was entitled to damages; computation of damages is legal consequence which need not be spelled out in arbitrator's award].)

■ Although the unspecified make-whole remedy does not provide a valid ground on which to vacate the award, we do agree that the award as written cannot be enforced. Although the arbitrator suggests that Mossman is to be reinstated, i.e., given appropriate relief for Oakdale's failure to allow her to "bump" into existing vacancies for administrative secretary in other

departments, the arbitrator does not order her reinstatement into a specific position. Instead, she suggests it would be in the parties' best interests to assess the present circumstances and decide how the mutual interests of the parties might best be served. In other words, the arbitrator did not know who had been hired to fill the vacancies or which person was less senior. Nor did the arbitrator know whether Mossman was still interested in working in one of these positions. The arbitrator did not calculate the exact amount of lost wages and benefits to be paid to Mossman, implicitly concluding this was an administrative task that could easily be done by the parties once the main issue of liability had been resolved. There is no question, however, that the arbitrator awarded Mossman all lost wages and benefits.

The cases cited by Oakdale in support of its contention that the award must be vacated because it is not conclusive with respect to a remedy are distinguishable. For example, in *M. B. Zaninovich, Inc. v. Teamster Farmworker Local Union 946* (1978) 86 Cal.App.3d 410, 415 [150 Cal.Rptr. 233], although the arbitrator's award failed to include a ruling on how much money was owing to the defendant union, it was also silent regarding the number of employees who had authorized paycheck deductions for union initiation fees and dues, the dates of the authorizations, and the total amount of the deductions. These missing factual findings precluded computation of the amount owing. In addition, the issue submitted for resolution was more specific: " 'How much, if any, is owing by the Company to the Union for such violation or violations of Section 3 of the Agreement?' " (*Id.* at p. 413.) We concluded remand for clarification was inappropriate because the arbitrator had failed to decide a specific issue submitted to arbitration. (*Ibid.*) As we have explained, that is not the case here.

Oakdale has cited other cases standing for the proposition that clarification of how the make-whole remedy is to be implemented is not a job for the courts. (See *Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 367 [36 Cal.Rptr.2d 581, 885 P.2d 994].) We agree, since an arbitration award is expected to be a final and conclusive resolution of the dispute. (*American Federation of State, County & Municipal Employees v. Metropolitan Water Dist.* (2005) 126 Cal.App.4th 247, 257–258 [24 Cal.Rptr.3d 285] [those who enter into arbitration agreements expect that their dispute will be resolved without necessity for contact with courts].) However, the principle of arbitral finality does not preclude the arbitrator from making a final disposition of a submitted matter in more than one award. Nor does section 1283.4 compel this result. (*Hightower v. Superior Court* (2001) 86 Cal.App.4th 1415, 1433 [104 Cal.Rptr.2d 209]; *San Jose Federation etc. Teachers v. Superior Court* (1982) 132 Cal.App.3d 861, 866–867 [183 Cal.Rptr. 410] [although award does not become final until calculation of lost wages has been made, arbitrator did not exceed powers when jurisdiction to determine amount of pay in event parties could not agree

is retained].) There is nothing to prevent this court from ordering that the matter be resubmitted to the arbitrator for further clarification of the award. Doing so would be consistent with the parties' agreement, which granted the arbitrator continuing jurisdiction to resolve issues regarding the implementation of any remedy granted. (See *Communications Workers of Am.-International etc. v. Alcatel U.S.A. Marketing, Inc.* (N.D.Tex., Aug. 8, 2003, No. Civ.A. 3:02-CV-1376-L) 2003 WL 21882423 [award may be remanded to clarify ambiguity when arbitrator failed to identify employees to be made whole or specify amount of compensation to be paid]; *N. L. R. B. v. Dazzo Products, Inc.* (2d Cir. 1966) 358 F.2d 136, 138 [in context of seasonal temporary worker, employer's duties as to reinstatement of award of backpay to temporary employee could be left for resolution in subsequent proceedings].) The normal course of action when the financial terms of an award are unenforceable due to ambiguity is to remand the matter to the original arbitrator for clarification. (See *Aluminum Brick & Glass Workers v. AAA Plumbing* (11th Cir. 1993) 991 F.2d 1545, 1549 [where financial details left unstated, normal to treat award as ambiguous or incomplete and remand to original arbitrator to clarify]; *Locals 2222, 2320–2327, etc. v. New England, etc., supra,* 628 F.2d at pp. 647, 649 [federal labor law firmly establishes that court may resubmit existing arbitration award to original arbitrator for interpretation or amplification where arbitrator ordered make-whole backpay award, without computing amount of backpay, and parties disagreed on amount]; *United Steelworkers of America, AFL-CIO-CLC v. W. C. Bradley Co.* (5th Cir. 1977) 551 F.2d 72, 73; *San Antonio News. Guild Loc. 25 v. San Antonio Light Div.* (5th Cir. 1973) 481 F.2d 821, 825 [if arbitrator's intent remains unclear, remand to arbitrator for clarification is proper]; *Coca-Cola Bottling v. International Broth., supra,* 506 F.Supp.2d at pp. 1056–1057 [arbitrator entered award with make-whole remedial component and parties could not agree on computation of that make-whole remedy]; *Weinberg v. Silber* (N.D.Tex. 2001) 140 F.Supp.2d 712, 722 ["Rather than vacating the award and 'reopening' proceedings on the merits by sending the case to a new arbitrator, the proper course of action is to remand to the parties' chosen arbitrator for non-merit-based clarification of the award."].)

We are also not concerned that the arbitrator gave the parties only 30 days to submit to her any dispute concerning the remedy for further proceedings. The agreement of the parties granting the arbitrator jurisdiction over implementation was not limited by time. The parties expressly agreed that the arbitrator would retain jurisdiction to resolve any dispute over implementation of any remedy awarded. The 30-day limit was a calendar-managing tool for the arbitrator. It does not act to deprive this court of the ability to remand the award to the original arbitrator for further clarification, especially in light of the strong case authority suggesting this is the appropriate way to resolve the issue presented on appeal.

## II. *Timeliness*

Oakdale also contends that the arbitrator acted in excess of her power because she did not issue the award within the 30-day period identified in paragraph 1104 of the personnel rules. According to Oakdale, because the agreement to arbitrate was in lieu of submitting the dispute to an adjustment board, the arbitrator was bound by the same procedural timelines. We reject this argument. There is nothing in the parties' agreement to arbitrate that suggests the arbitrator was bound by the same time rules as the adjustment board. The personnel rules require that the adjustment board "entertain, hear, decide, or make recommendations on a dispute" within *30 days* of the appeal from the city manager's determination. Further, during the initial negotiations between the parties, Oakdale's attorney suggested that the parties select an arbitrator who could conduct an arbitration hearing within the next *60 to 90 days* and stated that an extension of time would be required. It is implicit in counsel's request that the parties did not anticipate or agree that the arbitrator would be bound by the same procedural time rules as the adjustment board.

■ In addition, when both parties were concerned about the length of time the arbitrator was taking to issue her award, they sent simultaneous letters to the arbitrator asking for the award. Neither letter made any reference to the 30-day time limit. Even if there was some understanding at the initiation of the arbitration process that the adjustment board time rules would apply, it was waived when Oakdale failed to inform the arbitrator at the hearing, or in the followup letter, that an award was required within 30 days. A party cannot remain silent on an issue and then claim on appeal that he or she is entitled to relief. " '[I]t is well settled that a party may not sit idle through an arbitration proceeding and then collaterally attack that procedure on grounds not raised before the arbitrators when the result turns out to be adverse.' " (*Wellman v. Writers Guild of America, West, Inc.* (9th Cir. 1998) 146 F.3d 666, 673; see also *Broth. of Locomotive Eng. v. Union Pacific R. Co.* (8th Cir. 1998) 134 F.3d 1325, 1331 [parties waive procedural defects not raised to arbitrator in Railway Labor Act (45 U.S.C. § 151 et seq.) arbitration proceeding].)

## *DISPOSITION*

The judgment is reversed. The order denying the motion to vacate and the order confirming the award as written are affirmed. The matter is remanded to the superior court with instructions to remand to the original arbitrator for resolution of any and all issues needed to determine what actions Oakdale must take to make Mossman whole. The superior court should consider setting time limits such as ordering the parties to contact Arbitrator Kelly within 30 days of the date of the remittitur and to set a hearing as soon as

practicable to resolve any and all issues, unless within the same 30 days the parties can enter a stipulated agreement that all matters regarding remedy have been resolved and the matter has been or is to be dismissed. The parties shall bear their own costs.

Dawson, J., and Hill, J., concurred.