Filed 12/22/21 Brownlee v. Fexco Corp. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| TAMIKO BROWNLEE, | B304913 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC548886) |
| v. | |
| FEXCO CORP., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mel Red Recana, Judge. Reversed and remanded.

Collinson, Daehnke, Inlow & Greco and Vicki Greco for Defendant and Appellant.

Gordon, Edelstein, Krepack, Grant, Felton & Goldstein, Roger L. Gordon and Joshua M. Merliss for Plaintiff and Respondent.

_____

Tamiko Brownlee filed a demand for arbitration against several parties, including Fexco Corporation, which resulted in an arbitration award in favor of Fexco in this personal injury case. The trial court vacated the award after finding that the arbitrator did not determine all of the issues submitted for decision. On appeal from the order vacating the award, Fexco contends the arbitrator determined all of the issues submitted to him that were necessary to resolve the matter, because he identified all of the claims alleged in the demand and expressly found strict product liability was the sole claim that Brownlee pursued in the arbitration proceeding. We conclude Brownlee failed to meet her burden to show that the arbitrator completely overlooked an issue submitted for determination. To the extent that the trial court found the arbitrator wholly ignored an issue submitted for determination, that finding is not supported by the limited record presented to the court. Therefore, we reverse and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

### Injury and Complaint

A production company hired Brownlee to perform stunts for a reality television show. She executed an agreement with the production company in June 2012 containing the following arbitration provision: "The parties agree that if any controversy or claim arising out of or relating to this Agreement cannot be settled through direct discussions, they shall endeavor first to settle the controversy or claim by a mediation administered by

2

JAMS under its applicable rules. IF THE DISPUTE IS NOT OTHERWISE RESOLVED THROUGH DIRECT DISCUSSIONS OR MEDIATION, THE PARTIES AGREE THAT THE CONTROVERSY OR CLAIM, INCLUDING THE SCOPE OR APPLICABILITY OF THIS AGREEMENT TO ARBITRATE, SHALL THEN BE RESOLVED BY FINAL AND BINDING CONFIDENTIAL ARBITRATION ADMINISTERED BY JAMS IN ACCORDANCE WITH ITS STREAMLINED ARBITRATION RULES AND PROCEDURES . . ."

Frank Ceglia is a licensed pyrotechnician. He formed Fexco in 1984 to rent special effects equipment to production companies, which he uses to perform his services. The production company hired Ceglia to work on the same show as Brownlee. Fexco rented a large metal cylinder known as a "propane popper" to the production company for Ceglia's use in creating an explosive effect known as a "fireball" for the show. A propane popper produces a brief fireball with no residual fuel remaining. Ceglia had purchased the propane popper approximately 30 years earlier from the designer and manufacturer Jack Bennett and rented it solely to entertainment production companies. On June 21, 2011, Ceglia ignited the special effect with a live studio audience. Brownlee suffered third degree burns from proximity to the fireball effect.

Brownlee filed a complaint on June 17, 2014. She filed an amended complaint on March 9, 2015, against several parties for negligence, premises liability, product liability, peculiar risk, and ultrahazardous activity based on the personal injuries that she sustained from use of the propane popper. Her product liability cause of action contained conclusory allegations based on strict liability, negligence, and breach of warranty theories. On

3

January 12, 2016, Brownlee amended the complaint to substitute Fexco as a Doe defendant. On March 18, 2016, the trial court granted several motions to compel arbitration, including a motion brought by Fexco.

## Arbitration Proceedings

On January 29, 2018, Brownlee submitted a demand for arbitration against several parties (collectively referred to as the defendants), including Fexco. The product liability cause of action was stated as a single cause of action, including conclusory allegations based on theories of strict liability, negligence, and breach of warranty. The defendants filed a motion for summary judgment, which the arbitrator denied on November 14, 2018. The pleadings submitted and the order denying summary judgment were not made part of the record in the trial court or on appeal.

The parties agree that Brownlee dismissed all of the defendants except Fexco prior to the start of the arbitration. In June 2019, Brownlee submitted an arbitration brief which began, "Claimant has read and considered the Order on [the defendants'] Motion for Summary Judgment and Claimant intends on focusing at this arbitration on her claim of strict product liability against Fexco, a California corporation."

Brownlee's arbitration brief argued that the propane popper had a design defect under both the consumer expectation test and the risk benefit test. She also argued that Fexco was not subject to the arbitration agreement and should not have been ordered to arbitration. In addition, she argued that the

4

comparative fault provisions of Proposition 51 did not apply to strict liability for injury caused by a defective product.

Under the heading "Claimant Has A Prima Facie Case Establishing A Product Defect," she explained the two tests to establish strict liability for a design defect are the consumer expectations test and the risk benefit test. A paragraph at the end of the section stated, "Even using the negligence standard for assessing design of a product requires balancing the likelihood and gravity of potential harm from a given design against the burden of the measures required to avoid the harm. If the likelihood and gravity of the harm outweigh the design's utility, the manufacturer or distributor may be found negligent for having placed the product on the market regardless of any product warnings the manufacturer may have provided. *Merrill v. Navegar, Inc.*, (2001) 26 Cal.4th 465, 478–481, 483."

Brownlee argued that the propane popper was a product subject to strict product liability, not a service as had been claimed by Fexco. In addition, liability disclaimers are not enforceable as to strict product liability, and recovery was not limited to the immediate purchaser of the product. In conclusion, Brownlee stated, "Claimant expects to submit proof of a prima facie case against Fexco under both the consumer expectation test and risk benefit test and does not believe Fexco has a legal defense."

Prior to the start of the arbitration, Brownlee filed the declaration of expert witness Morris Farkas. In relevant part, Farkas declared that Fexco, as the distributor of a manufactured product, failed to analyze the design or the safety of the product, eliminate the design defect by adding a stabilizing base, or provide written warnings or instructions regarding hazards from

the use of the product.  When Fexco placed the product on the market, it was imperative to stabilize the base and provide minimum warnings and instructions concerning dangers.  It was foreseeable that Brownlee could miss her mark and unintentionally move into the zone of danger.  In Farkas's opinion, the defective design of the product met both the consumer expectation test and the risk benefit test.

Farkas opined that Fexco ignored safety fundamentals when it distributed the product to the production company.  Fexco failed to provide the production company, the stunt choreographer, Ceglia, or Brownlee with written warnings or instruction on the product as to the dangers and necessary safety precautions.  Because the sole purpose of the corporation was to provide special effects equipment to production companies for which Ceglia provides pyrotechnic services, Fexco had to provide specific warnings and instructions about the highly dangerous and flammable nature of the product.  Because Fexco was formed to distribute pyrotechnic equipment including the propane popper, it was Fexco's responsibility to ensure the product were safe to use and included readily visible written warnings and instructions concerning the dangers and safety precautions necessary.  Fexco's failure to distribute a manufactured pyrotechnic product that was safe for its foreseeable use was the proximate cause of the accident.

Five days of evidentiary hearings were held before the arbitrator between June 10 and August 7, 2019, which included excerpts of deposition testimony and examination of seven

witnesses.  The parties submitted simultaneous closing briefs on August 14, 2019.[1]

The arbitrator issued an award on August 20, 2019.  Under the heading "The Pleadings," the arbitrator noted that Brownlee's demand for arbitration had alleged general negligence, premises liability, product liability, peculiar risk and ultrahazardous activity.  Fexco had denied the claims and stated 29 affirmative defenses.  The arbitrator added, "In her Arbitration Brief, Brownlee stated that she would pursue only her strict liability claim at the Hearing."

The arbitrator summarized aspects of strict product liability law.  The arbitrator noted that the concept of res ipsa loquitur requires a plaintiff to show that the type of accident that occurred does not typically occur in the absence of negligence, the instrumentality was within the defendant's exclusive control, and the plaintiff did not contribute to her harm, but the doctrine does not apply to strict liability claims.

With respect to the testimony of witnesses, the arbitrator noted that Farkas was the only witness offered as an expert.  The arbitrator found that Farkas qualified as a general workplace safety expert, but not as an expert specific to propane poppers or pyrotechnics.  Prior to the present case, Farkas had never examined a propane popper; he had merely read articles about pyrotechnic accidents.  Farkas never examined Fexco's propane popper.  The arbitrator concluded that Farkas's testimony was either general or pertained to fireworks, and therefore, was not

---

[1] No transcript of the arbitration hearings was provided to the trial court or on appeal, and the closing briefs are not part of the record either.

specific to the instant action or was lacking in foundation due to his unfamiliarity with the device or with film productions.

Under the heading "Analysis," the arbitrator explained, "[t]his analysis addressed on the critical issues and determinations which the Arbitrator considers necessary to decide the case. The core issue is whether Fexco is strictly liable for Brownlee's injuries due to the fireball produced by its propane popper." On the issue of liability, the arbitrator made the following findings: "The evidence was inconclusive as to why the propane popper appeared to generate a fireball that was greater in size than at the rehearsal and that extended outward and upward rather than just upward. Something seemed to go wrong. It may well have been the case that one or more of the Respondents, perhaps even Fexco, was negligent and that, despite the unsettled evidence, the doctrine of res ipsa loquitur could establish liability. However, such a finding cannot be made in this case because Brownlee dismissed the other Respondents and pursued only a strict products liability claim against the sole remaining Respondent, Fexco.

"By his own admission, Ceglia confirmed that, through Fexco, he rented the propane popper to [the production company]. This establishes a bailor-bailee relationship, which is subject to product liability claims. However, neither Fexco [nor] Ceglia was engaged in the business of distributing propane poppers to the public in the stream of commerce. [Theirs] was not an organized and continuing operation, but rather an all-purpose pyrotechnic service provided to film production companies. Furthermore, the popper was not a new product. Ceglia had been leasing it to entertainment production companies for upwards of 30 years.

8

"Fexco tried to show that Brownlee contributed to her own injury, primarily in reliance on [one witness's] exaggerated and absurd testimony that she missed her mark by 8-10 feet. As explained above, the Arbitrator found [that witness] not credible. The evidence most strongly established that the incorrectly positioned placement of the motorcycle forced Brownlee away from the safety zone."

The arbitrator concluded, "It is unknown why the popper produced a big, unsafe fireball that engulfed and severely injured Brownlee. Unfortunately for Brownlee, the evidence does not support a finding that Fexco is liable for her injuries. The strict products liability doctrine simply does not apply to Fexco's propane popper. [¶] For the reasons set forth above, the Arbitrator makes the following findings and issues this Final Award, as follows: [¶] 1. Brownlee failed to establish by a preponderance of the evidence that Fexco was responsible for her injuries. [¶] 2. Judgment shall be entered in favor of Fexco and against Brownlee on Brownlee's strict products liability claim."

**Petition to Vacate Arbitration Award**

On November 6, 2019, Brownlee filed a petition to vacate the arbitration award on the ground that the arbitrator failed to make findings on all of the issues raised in the pleadings, contrary to the statutory requirement to determine all of the questions submitted for decision, and the award could not be corrected without affecting the merits of the decision. Specifically, she never dismissed her claims for product liability based on theories of negligence and breach of warranty. As a result, Brownlee argued, the trial court should vacate the

9

arbitration award and appoint a different arbitrator to hear the matter.

Brownlee submitted the declaration of her attorney Roger Gordon in support of the petition. Gordon declared he never told the arbitrator that Brownlee was pursuing "**only**" her strict liability claim at the hearing and the arbitrator never asked whether Brownlee was waiving or dismissing her other causes of action or claims against Fexco.

On November 15, 2019, Fexco filed a petition to confirm the arbitration award. On November 25, 2019, Fexco filed an opposition to the petition to vacate the arbitration award. Fexco argued that Brownlee dismissed her negligence claim against the other defendants and pursued only the strict product liability cause of action against Fexco. Fexco noted that the arbitrator considered the doctrine of res ipsa loquitur even though Brownlee had not raised that theory. The arbitrator found Fexco was not in the business of distributing propane poppers to the public or placing them into the stream of commerce. In addition, the propane popper was not a new product. Brownlee failed to satisfy her burden of proof to establish strict product liability.

The trial court held a hearing on December 13, 2019. Fexco argued that the arbitrator ruled on the issues, indirectly if not directly, by finding that the propane popper was not a product and was not placed in the stream of commerce. Although the arbitrator did not use magic words, he addressed the issues being asserted to the court. In response, attorney Gordon asserted that Fexco could have requested a correction after the ruling, but did not. Gordon noted, "I had no desire to have him correct the award based upon the way he was construing the law of product liability." Gordon disagreed with the arbitrator's

10

finding that the propane popper was not a product, but he argued that at a minimum, there was a bailment. The owner admitted that he never did any testing and never made any determination whether there should be a safety margin, which was negligent. There was also an implied warranty of merchantability that the propane popper was safe for its intended purpose, when it was not. Fexco's attorney replied that the arbitration award reflected that the arbitrator decided the theories of product liability based on negligence and breach of warranty. In the alternative, Fexco requested that the trial court send the matter back to the arbitrator to conform the award to the evidence. Gordon mentioned that Fexco's closing brief argued Brownlee waived her theories of product liability based on negligence and breach of warranty. He commented, "I don't even think he read my brief. He went straight to [Fexco's closing brief]." The trial court took the matter under submission.

Later that day, the trial court issued a minute order granting the petition to vacate the arbitration award without expressly ordering rehearing in arbitration. The court's ruling stated that it did not appear Brownlee ever dismissed or abandoned her causes of action for product liability negligence and product liability breach of warranty. Brownlee's arbitration brief stated that she was focusing on her claim of strict product liability, but did not state that she was abandoning other causes of action and pursuing strict product liability only. Brownlee's counsel never told the arbitrator that Brownlee was pursuing strict product liability only. The court concluded that "the arbitrator omitted findings on Plaintiff's causes of action for product liability negligence and for product liability breach of warranty from the arbitration award through mistake or

11

excusable neglect. The arbitrator mistakenly believed that Plaintiff abandoned her negligence and breach of warranty causes of action when Plaintiff only stated that she was focusing on her strict products liability cause of action. The court also finds that the arbitrator omitted findings on Plaintiff's causes of action through excusable neglect, as Plaintiff devoted almost the entirety of her arbitration brief to her cause of action for strict products liability. Plaintiff did not even mention her cause of action for product liability breach of warranty and there was no factual analysis on the negligence cause of action in Plaintiff's arbitration brief. These facts are sufficient to show that the arbitrator's omission was made through excusable neglect." The court found the arbitrator's award must be vacated, because the arbitrator violated the statutory requirement to decide all issues necessary to determine the controversy. The court found Fexco's petition to confirm the award was moot. Fexco filed a timely notice of appeal.

## DISCUSSION

## <u>Standard of Review</u>

"As a general rule, the merits of an arbitrator's decision are not subject to judicial review. (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 11 [(*Moncharsh*)]; *Jones v. Humanscale Corp.* (2005) 130 Cal.App.4th 401, 407–408.)" (*SWAB Financial, LLC v. E\*Trade Securities, LLC* (2007) 150 Cal.App.4th 1181, 1195 (*SWAB Financial*).) "More specifically, courts will not review the validity of the arbitrator's reasoning. [Citations.] Further, a court may not review the sufficiency of the evidence

12

supporting an arbitrator's award. [Citations.] [¶] Thus, it is the general rule that, with narrow exceptions, an arbitrator's decision cannot be reviewed for errors of fact or law." (*Moncharsh, supra,* 3 Cal.4th at p. 11; *Panoche Energy Center, LLC v. Pacific Gas & Electric Co.* (2016) 1 Cal.App.5th 68, 98.)

"We review the trial court's order vacating the arbitration award de novo. [Citations.] However, we apply the substantial evidence test to the trial court's ruling to the extent it rests upon a determination of disputed factual issues. [Citation.]" (*SWAB Financial, supra,* 150 Cal.App.4th at p. 1196.) "Substantial evidence includes reasonable inferences drawn from the evidence in favor of the judgment. [Citation.] An inference may be drawn from a party's failure to produce available evidence or to explain evidence or facts in the case against him. [Citations.]" (*Maaso v. Signer* (2012) 203 Cal.App.4th 362, 371.)

## Issues Submitted for Decision

Fexco contends the arbitrator resolved all of the issues submitted to him that were necessary to determine the controversy, and therefore, the arbitration award cannot be vacated for failing to determine a necessary question. We conclude Brownlee did not meet her burden to show that the arbitrator failed to decide an issue submitted for determination. To the extent that the trial court found Brownlee submitted issues that were not decided, the record does not support that finding.

An arbitration award must include "a determination of all the questions submitted to the arbitrators the decision of which is

13

necessary in order to determine the controversy." (Code Civ. Proc., § 1283.4.)[2]  The exclusive grounds for vacating an arbitration award are contained in section 1286.2.  (*Mossman v. City of Oakdale* (2009) 170 Cal.App.4th 83, 88.)  Under section 1286.2, subdivision (5), an arbitration award must be vacated if the court determines the rights of a party were substantially prejudiced by "conduct of the arbitrators contrary to the provisions of this title."  (§ 1286.2, subd. (5); *Rodrigues v. Keller* (1980) 113 Cal.App.3d 838, 840–841 (*Rodrigues*).)  When the record shows that an issue was submitted to the arbitrator to decide and the arbitrator completely failed to consider the issue, the arbitrator's failure to decide all of the questions necessary may justify vacating the award under section 1286.2, subdivision (5).  (*Rodrigues, supra,* 113 Cal.App.3d at p. 841 [record did not demonstrate any issue was submitted to the arbitrator which he totally failed to consider]; *Banks v. Milwaukee Ins. Co.* (1966) 247 Cal.App.2d 34, 38–39 [declaration from arbitrator that he inadvertently neglected to award general damages, which was an element of the claim submitted for decision, was sufficient to support vacating the award].)

"It is for the arbitrators to determine which issues were actually 'necessary' to the ultimate decision.  [Citation.]" (*Morris v. Zuckerman* (1968) 69 Cal.2d 686, 690 (*Morris*); *Felner v. Meritplan Ins. Co.* (1970) 6 Cal.App.3d 540, 546 ["Under the rule of broad construction an arbitrator is authorized to determine all questions which he needs to determine in order to resolve the controversy submitted to him, and the arbitrator himself decides which questions need to be determined"].)  The court may vacate

---

[2] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

14

an arbitration award if it determines that "[t]he arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted" (§ 1286.2, subd. (4)), but the court may not substitute its judgment for that of the arbitrator. (*Morris*, *supra*, 6 Cal.2d at p. 691.)

"[E]very reasonable intendment must be indulged in favor of the award." (*Lauria v. Soriano* (1960) 180 Cal.App.2d 163, 168, disapproved on another ground in *Posner v. Grunwald-Marx, Inc.* (1961) 56 Cal.2d 169, 183.) It is presumed that the arbitrator considered and resolved all of the issues submitted for decision; "the burden of proving otherwise is upon the party challenging the award." (*Rodrigues, supra,* 113 Cal.App.3d at p. 842.) "[To] discharge that burden, the party attacking the award must demonstrate that a particular claim was expressly raised at some time before the award [citation], and that the arbitrator failed to consider it [citation]." (*Ibid*.) "[The] failure of an arbitrator to make a finding on even an express claim does not invalidate the award, so long as the award 'serves to settle the entire controversy' [citation]. This is a corollary of the proposition that arbitrators are not obliged to find facts or give reasons for their award [citation]." (*Id.* at p. 843)

"A party who asserts a claim in an arbitration proceeding must produce evidence in support of that claim; if he fails to do so, he cannot attack the award on the ground that the claim was not considered by the arbitrators." (*Sapp v. Barenfeld* (1949) 34 Cal.2d 515, 524 [respondents failed to introduce evidence of lost rental income and expressly asserted claim for the first time in opposition to confirmation petition, so failure to consider these damages did not invalidate arbitration award].)

In the arbitration award in this case, the arbitrator identified all of the claims that Brownlee alleged in her demand for arbitration and concluded that she had pursued only her strict product liability claim against Fexco in the arbitration. To vacate the arbitration award on the ground that the arbitrator failed to consider an issue that was submitted for decision, Brownlee had to show the issue was submitted and the arbitrator completely failed to consider it. Brownlee did not meet this burden, because she did not provide an adequate record to determine which issues were presented and supported with evidence during the arbitration proceedings, and which issues were conceded or abandoned. Brownlee's opening arbitration brief alluded to the arbitrator's summary judgment ruling, but she did not submit the summary judgment pleadings or the arbitrator's ruling from which to determine whether issues were resolved prior to arbitration. It was Brownlee's burden to produce evidence during the arbitration in support of each claim, but she did not provide a reporter's transcript of the arbitration hearings showing which claims had been supported with evidence in the hearing. In support of the motion to vacate, Brownlee submitted one expert declaration that Brownlee had offered in the arbitration, but the arbitrator expressly found that particular witness was not qualified to testify as an expert on the subject of the propane popper. Without a reporter's transcript or an appropriate substitute, the court was unable to review the evidence and arguments presented at the arbitration, including any express or implied concessions by Brownlee's counsel about the issues being submitted for decision. In addition, Brownlee did not provide to the trial court the parties' closing briefs from the arbitration. The closing briefs could have clarified which issues were actually

16

submitted for decision based on the evidence presented during the arbitration. The record Brownlee presented to the trial court was wholly inadequate to allow the court to review the arbitrator's finding that Brownlee pursued only her claim for strict product liability in the arbitration proceedings.

Moreover, even if the record that Brownlee provided to the court was adequate for review, the trial court's finding that the arbitrator wholly overlooked issues submitted for determination is not supported by substantial evidence. The trial court was required to draw every reasonable inference in favor of the arbitrator's award. Brownlee's arbitration brief contained no citation to legal authority and no argument for liability on any theory other than strict product liability, other than a stray citation to product liability negligence without context or argument. The arbitrator ruled Brownlee's expert witness declaration was inadmissible with respect to the propane popper. After reviewing the parties' briefs, as well as the evidence and argument presented during the arbitration, the arbitrator concluded that Brownlee had pursued only the strict product liability claim against Fexco. The award clearly reflects that the arbitrator was aware of the issues alleged in the demand and made a determination on procedural grounds that Brownlee failed to pursue any claim against Fexco other than strict product liability. This is not a case where an issue was submitted for decision and the arbitrator completely overlooked or neglected to make a ruling on it in the award. Conclusory references to other theories in the demand for arbitration and a stray legal citation in Brownlee's opening brief, in the absence of any record that Brownlee actually introduced evidence, legal authority, and argument during the hearing in support of any cause of action

17

other than strict product liability, are not substantial evidence to support finding that the arbitrator overlooked issues presented for determination. We note that if Brownlee believed the arbitrator omitted findings on issues that she submitted for decision, she could have timely applied to the arbitrator for a correction or supplemental award to address her additional theories of liability, but she did not.

## Trial Court Order Compelling Arbitration

In her respondent's brief, Brownlee contends this appellate court should vacate the trial court's order that compelled arbitration; however, Brownlee did not file a cross-appeal from the order vacating the arbitration award. An order compelling arbitration is not directly appealable, but it is reviewable on appeal from the judgment entered after the arbitration is completed. (*Muao v. Grosvenor Properties, Ltd.* (2002) 99 Cal.App.4th 1085, 1088–1089.) However, "[a]s a general matter, "a respondent who has not appealed from the judgment may not urge error on appeal."' [Citation.] 'To obtain affirmative relief by way of appeal, respondents must themselves file a notice of appeal and become cross-appellants.'" (*Preserve Poway v. City of Poway* (2016) 245 Cal.App.4th 560, 585.) Because Brownlee did not file a cross-appeal, any issues concerning the order compelling arbitration that would have been reviewable on appeal from the order vacating the arbitration award without rehearing have been forfeited.

## DISPOSITION

The order vacating the arbitration award and dismissing the petition to confirm the arbitration award as moot is reversed. The matter is remanded for further proceedings on the petition to confirm the arbitration award. Appellant Fexco Corporation is awarded its costs on appeal.


MOOR, J.


We concur:



BAKER, Acting P.J.



KIM, J.

19