**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**DAZZO PRODUCTS, INC., Respondent.
No. 244, Docket 30057.**

United States Court of Appeals
Second Circuit.

Argued Jan. 26, 1966.

Decided Feb. 7, 1966.

Melvin Pollack, Washington, D. C., (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Gary Green and Vivian Asplund, Washington, D. C. attorneys), for petitioner.

Dazzo Products, Inc., pro se.

Before FRIENDLY and HAYS, Circuit Judges, and BLUMENFELD, District Judge.*

PER CURIAM.

■ This otherwise garden variety NLRB order, 149 NLRB No. 7, finding interrogation in violation of § 8(a) (1), discriminatory discharges in violation of § 8(a) (3), and refusal to bargain in violation of § 8(a) (5) of the National Labor Relations Act, is atypical in that the employer, a company engaged in the manufacture and sale of awnings, awning parts, weather protection shelters and related products, had only three employees. The Board's jurisdiction, however, is not disputed, and rules formulated for the macrocosm control the microcosm as well. Substantial evidence supports the findings that the employer subjected two of the employees, Bell and Martinez, to un-

* Of the District of Connecticut, sitting by designation.

lawful interrogation as to union sympathies; that, on learning of their wish to be represented by a union, it discharged them forthwith (although Bell was almost immediately rehired); and that it improperly refused to bargain with the union.

 The principal attacks on the order are that Martinez was only a temporary employee and therefore should not have been included in the bargaining unit, and that his discharge was due not to anti-union animus but to lack of need for his services as a shop assistant and his inability to operate the employer's truck and station wagon for want of requisite driver's licenses. On the first issue, there was substantial evidence to support the finding that Martinez' status had not been definitely determined at the time of the union's demand. On the second, the evidence sufficed to "provide a reasonable basis for inferring that the permissible ground alone would not have led to the discharge, so that it was partially motivated by an impermissible one." NLRB v. Park Edge Sheridan Meats, Inc., 341 F.2d 725, 728 (2 Cir. 1965).

 The employer contends that the provisions of the order concerning reinstatement and back pay endow Martinez, because of his union sympathies, with a permanence which, in view of the seasonal characteristics of the business and his inability to perform the necessary driving, he would not otherwise have had. But these objections do not go to enforcement; the employer's precise duties as to reinstatement of and back pay for Martinez are matters to be resolved under established principles in compliance proceedings. See NLRB v. Deena Artware, Inc., 361 U.S. 398, 411, 80 S.Ct. 441, 4 L. Ed.2d 400 (1960) (concurring opinion); NLRB v. Wilson Line, Inc., 122 F.2d 809, 814 (3 Cir. 1941); NLRB v. New York Merchandise Co., 134 F.2d 949 (2 Cir. 1943); NLRB v. Local 776, IATSE (Film Editors), 303 F.2d 513, 521 (9 Cir.), cert. denied, 371 U.S. 826, 83 S.Ct. 47, 9 L.Ed.2d 65 (1962).

Enforcement granted.