**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SAVOY LAUNDRY, INC., Respondent.**

**Docket 28119.**

United States Court of Appeals
Second Circuit.

Submitted Oct. 24, 1966.

Decided Nov. 18, 1966.

See also 2 Cir., 354 F.2d 78.

vant facts relating both to the employees' situations and to any economic justification in terminating Respondent's wholesale shirt division, a determination cannot be made at this stage as to the limiting effect, if any, on any back pay liability. We agree with the Board that "until these problems are explored in a compliance proceeding, * . * * it is premature to assume that this remedy provides unlimited back pay accrual" (Supp.Dec.). See N. L. R. B. v. Dazzo Products, Inc., 358 F.2d 136, 138 (2 Cir., 1966).

The Board's petition for enforcement of its Amended Order is granted. The Board's motion to strike Respondent's Response is granted.

---

Melvin H. Reifin, Atty., N. L. R. B., Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Paul Elkind, Washington, D. C., on the brief), for petitioner.

Jacob M. Mandelbaum, New York City (John F. Clancy, Bridgeport, Conn., on the brief), for respondent.

Before LUMBARD, Chief Judge, MOORE and KAUFMAN, Circuit Judges.

## PER CURIAM:

The National Labor Relations Board petitions under date of September 28, 1966, for the enforcement of its Amended Order herein dated July 28, 1964, based upon its Supplemental Decision of the same date. Respondent, Savoy Laundry, Inc., filed a Response to the Board's petition wherein it alleged that a dispute existed between the Board and the Respondent as to back pay and therein consented to proceedings by the Board under 29 CFR 102.52 et seq. The Board thereafter moved to strike Respondent's Response as not constituting a defense to the Board's petition.

In the Board's Supplemental Decision various factors which may enter into any back pay determination are set forth. In the absence of a disclosure of the rele-