*NLRB v. Deep Distributors of Greater N.Y., Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of October, two thousand eighteen.

Present:
> JOHN M. WALKER, JR.,
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON
> *Circuit Judges*.

_____

NATIONAL LABOR RELATIONS BOARD,

> *Petitioner*,

> v.                                                                          17-2250

DEEP DISTRIBUTORS OF GREATER N.Y., INC., D/B/A
THE IMPERIAL SALES INC.,

> *Respondent*.

_____

| | |
|---|---|
| For Petitioner: | USHA DHEENAN, Supervisory Attorney, JOEL A. HELLER, Attorney, National Labor Relations Board, Washington, DC. |
| For Respondent: | SAUL D. ZABELL, ESQ., Bohemia, NY. |

On application for enforcement of an order of the National Labor Relations Board ("NLRB" or "Board").

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the application for enforcement is **GRANTED**.

The National Labor Relations Board ("NLRB" or "Board") applies for enforcement of its Order issued against Respondent Deep Distributors of Greater N.Y., Inc. ("Deep Distributors") on June 20, 2017. *Deep Distributors of Greater NY d/b/a The Imperial Sales, Inc. and United Workers of America, Local 660 and Henry Hernandez.*, Cases 29–CA–147909, 29–CA–157108, and 29–RC–146077, 365 NLRB No. 95 (June 20, 2017). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"The Board's findings of fact are conclusive if supported by substantial evidence on the record considered as a whole." *NLRB v. Consol. Bus Transit, Inc.*, 577 F.3d 467, 473 (2d Cir. 2009) (quoting 29 U.S.C. § 160(e)) (internal quotation marks omitted). Thus, we will not overturn the Board just because there are two conflicting views of the evidence; we reverse a factual finding only if "no rational trier of fact could reach the conclusion drawn by the Board." *Id.* at 473–74. As to questions of law, "[i]f the Board's conclusion has a reasonable basis in law," this Court will uphold it, and we defer to the Board on mixed questions of law and fact so long as there appears to be more than one reasonable solution, one of which the Board has adopted. *Sheridan Manor Nursing Home, Inc. v. NLRB*, 225 F.3d 248, 252 (2d Cir. 2000) (quoting *Beverly Enters., Inc. v. NLRB*, 139 F.3d 135, 140 (2d Cir. 1998)).

At the start, Deep Distributors has not challenged the substance of the NLRB's Order on appeal. The company does not challenge the Board's factual findings or its conclusions, but argues only that enforcement is unnecessary because it is complying with the Order and that, to the extent it is not, it is merely refusing to comply with parts of the Order where compliance would be illegal or has been waived. To the extent that Deep Distributors has failed to

challenge the substance of the Board's order as issued, the Board is entitled to enforcement, as the order is uncontested. *See NLRB v. Vanguard Tours, Inc.*, 981 F.2d 62, 67–68 (2d Cir. 1992) (approving conclusions and enforcing provisions of order "since respondents have not challenged these conclusions in this Court"); *see also Consol. Bus Transit*, 577 F.3d at 474 n.2 ("The Board is entitled to summary affirmance of portions of its order identifying or remedying these and all other uncontested violations of the Act . . . ."); *NLRB v. Springfield Hosp.*, 899 F.2d 1305, 1308 n.1 (2d Cir. 1990) ("Although some review of objections raised before the Board may be justified even in cases of complete default, in light of [Respondent's] concession, the Board is entitled to summary affirmance of the numerous unchallenged unfair labor practice findings.") (citation omitted).

As to the challenges that Deep Distributors does present, Deep Distributors's argument that its compliance with portions of the Order renders enforcement improper is foreclosed by precedent.[1] *See NLRB v. Mexia Textile Mills*, 339 U.S. 563, 567 (1950) ("We think it plain from the cases that the employer's compliance with an order of the Board does not render the cause moot, depriving the Board of its opportunity to secure enforcement from an appropriate court. . . . A Board order imposes a continuing obligation; and the Board is entitled to have the resumption of the unfair practice barred by an enforcement decree."); *NLRB v. Chester Valley, Inc.*, 652 F.2d 263, 273–74 (2d Cir. 1981) ("[T]he Board is still entitled to enforcement of its

---

[1] Deep Distributors has also moved to supplement the record on appeal with evidence supposedly demonstrating compliance with the NLRB Order. As the Supreme Court has noted, however, "[i]f compliance with an order of the Board is irrelevant to the reviewing court's function after the new evidence has been adduced," there is no point "in adducing evidence of that compliance." *Mexia*, 339 U.S. at 569. Nor do we discern a basis for supplementing the record with the additional proffered materials supposedly demonstrating that compliance with portions of the Board's Order is not required, as such material may be considered, if relevant, during compliance proceedings.

orders despite corrective actions taken by offending parties."). Deep Distributors also argues that enforcement is inappropriate because: (1) backpay and reinstatement may be unavailable to some workers pursuant to *Hoffman Plastic Compounds, Inc. v. NLRB*, 535 U.S. 137 (2002); and (2) some workers may have waived their right to monetary relief by settling a suit brought under the Fair Labor Standards Act at the same time that NLRB proceedings were ongoing. We review the Board's orders for "substantial evidence" *in the record*, however, and do not consider claims not brought before the Board. *Consol. Bus Transit, Inc.*, 577 F.3d at 473; *see also Elec. Contractors, Inc. v. NLRB*, 245 F.3d 109, 115 (2d Cir. 2001) (noting that claims not brought before the Board will not be considered by the Courts of Appeals). To the extent that Deep Distributors believes employees are not entitled to offers of reinstatement or backpay due to their immigration status or previous settlement agreements, it may seek to adduce evidence of that in compliance proceedings. *See NLRB v. Dazzo Prods., Inc.*, 358 F.2d 136, 138 (2d Cir. 1966) (per curiam) ("[T]hese objections do not go to enforcement; the employer's precise duties as to reinstatement . . . and back pay . . . are matters to be resolved under extabished [sic] principles in compliance proceedings.").

Deep Distributors argues, finally, that this Court should not enforce the NLRB Order because the Board has allegedly not cooperated with it in its effort to comply with portions of the Order. But as to its contention of waiver by the NLRB, we review an order based on when it was made. *NLRB v. Pool Mfg. Co.*, 339 U.S. 577, 581–82 (1950) ("[A]n order of the character made by the Board, lawful when made, does not become moot because it is obeyed or because changing circumstances indicate that the need for it may be less than when made."). The Board is thus correct to point out that "Deep Distributors offers no authority for the proposition . . . that it can refuse to comply simply because not all of the details have been worked out."

4

We have considered Deep Distributors's remaining arguments and find them to be without merit. Accordingly, the company's motion to supplement the record on appeal is **DENIED**. We **GRANT** the Board's application for enforcement.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk